**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BADEN BADEN, INC.

Plaintiff,

-against-

AUBREY DRAKE GRAHAM, and OCTOBER'S VERY OWN MERCHANDISING d/b/a OVO,

Defendants.

Case No. 13 CV 5986 (GBD)

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Christine Lepera
Jeffrey M. Movit
MITCHELL SILBERBERG & KNUPP LLP
12 East 49th Street, 30th Floor
New York, NY 10017
Telephone: (212) 509-3900
Facsimile: (917) 546-7672

*Attorneys for Defendants Aubrey Drake Graham and October's Very Own Merchandising*

**TABLE OF CONTENTS**

**Page**

I. PRELIMINARY STATEMENT ..... 1

II. PROCEDURAL HISTORY ..... 2

III. THE ALLEGATIONS OF THE COMPLAINT IN THIS ACTION ..... 2

IV. STANDARD OF REVIEW ..... 3
- A. Standard on a Motion to Dismiss ..... 3
- B. Standards Controlling Plaintiff's Copyright Infringement Claim ..... 4

V. ARGUMENT ..... 5
- A. This Court Should Take Judicial Notice of the Existence and Appearance of the Ancient Egyptian Hieroglyph for the Letter "M" ..... 5
- B. Plaintiff's Copyright Infringement Claim Fails Because Its Owl Pendant Is an Unoriginal Copy of an Ancient Hieroglyph in the Public Domain ..... 6
- C. In the Alternative, Plaintiff's Complaint Should Be Dismissed for Failure to Adequately Please Plausible Facts Demonstrating Copying ..... 9

VI. CONCLUSION ..... 10

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bell Atl. Corp. v. Twombly*,
540 U.S. 544 (2007)....................3

*Broughel v. Battery Conservancy*,
07-cv-7755 (GBD), 2009 U.S. Dist. LEXIS 35048 (S.D.N.Y. Mar. 30, 2009)....................1, 9

*Durham Industries, Inc. v. Tomy Corp*.,
630 F. 2d 905 (2d Cir. 1980)....................4, 7, 8, 9

*Effie Film, LLC v. Pomerance*,
909 F. Supp. 2d 273 (S.D.N.Y. 2012)....................4, 5, 6

*Feist Publications, Inc. v. Rural Tel. Serv. Co*.,
499 U.S. 340, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991)....................4

*Goffe v. Winfrey*,
No. 08 CIV 8653 (NRB), 2008 U.S. Dist. LEXIS 92325 (S.D.N.Y. Oct. 30, 2008)....................10

*L. Batlin & Son, Inc. v. Snyder*,
536 F.2d 486 (2d Cir. 1976) (en banc), *cert. denied*, 429 U.S. 857, 97 S. Ct. 156, 50 L. Ed. 2d 135 (1976)....................1, 6, 8

*Nothing Heavy, Inc. v. Levinson*,
10 cv 03466, 2010 U.S. Dist. LEXIS 130679 (S.D.N.Y. Dec. 2, 2010)....................3, 4

*Past Pluto Productions Corp. v. Dana*,
627 F. Supp. 1435 (S.D.N.Y. 1986)....................8

*Ranieri v. Adirondack Dev. Group, LLC*,
1:11-CV-01013 (GTS/CFH), 2013 U.S. Dist. LEXIS 43223 (N.D.N.Y. Mar. 27, 2013)....................10

*Reece v. Marc Ecko Unltd.*,
10 Civ. 02901 (JSR), 2011 U.S. Dist. LEXIS 102199 (S.D.N.Y. Aug. 19, 2011)....................8

**TABLE OF AUTHORITIES**
**Table of Contents**

**(continued)**

**Page(s)**

*Scott v. WorldStarHiphop, Inc.*,
No. 10 Civ. 9538 (PKC), 2011 U.S. Dist. LEXIS 123273 (S.D.N.Y. Oct. 24, 2011) ....9

*Steinbeck v. McIntosh & Otis, Inc.*,
04 CV 5497, 2009 U.S. Dist. LEXIS 34841 (S.D.N.Y. Mar. 31, 2009)....4

**STATUTES**

17 U.S.C.
§ 501....10

28 U.S.C.
§ 1332....2
§ 1441....2

**OTHER AUTHORITIES**

F.R.E.
201(b)....5
201(c)....5

Fed. R. Civ. P.
12(b)(6)....1, 3, 8

## I. PRELIMINARY STATEMENT

Defendants Aubrey Drake Graham ("Graham") and October's Very Own Merchandising (together, the "Defendants") respectfully submit this Memorandum of Law in support of their Motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Complaint of Plaintiff Baden, Baden, Inc. with prejudice.

In the above-captioned action, Plaintiff asserts a single claim against Defendants for the purported infringement of its alleged copyright in a piece of jewelry (an owl pendant) which Plaintiff claims to have delivered to Defendant Graham in December 2012. However, this owl pendant lacks copyright protection because it is an obvious copy of a work in the public domain (an ancient Egyptian hieroglyph) that has merely been reproduced by Plaintiff in a new medium (*i.e.,* jewelry). As the Second Circuit has recognized, the "mere reproduction of a work of art in a different medium" is insufficient to create a copyrightable work when, as here, no original features have been added to the work. *L. Batlin & Son, Inc. v. Snyder*, 536 F.2d 486, 491 (2d Cir. 1976) (en banc), *cert. denied*, 429 U.S. 857, 97 S. Ct. 156, 50 L. Ed. 2d 135 (1976).

Because Plaintiff's allegedly infringed work is not copyrightable, the Complaint should be dismissed with prejudice.[1]

---

[1] In the alternative, the Complaint should be dismissed on the ground that it fails to provide Defendants with adequate notice of Plaintiff's claim because it does not specify what allegedly infringing acts were committed by each of the Defendants. *Broughel v. Battery Conservancy*, 07-cv-7755 (GBD), 2009 U.S. Dist. LEXIS 35048, *11, 12 (S.D.N.Y. Mar. 30, 2009) (Daniels, J.) (. . . [P]laintiff's claims cannot rest on inchoate and conclusory accusations of unauthorized copying. Rather, in articulating her cause of action, plaintiff must identify, with specificity, . . . which acts committed by defendants constitute infringement of her rights.").

## II. PROCEDURAL HISTORY

Plaintiff commenced the above-captioned action through the filing of the Complaint on or about August 16, 2013. In an apparent effort to increase Defendants' costs and fees, Plaintiff and its principal Michael Raphael ("Raphael") also filed a related action against these same two Defendants in New York County Supreme Court (the "State Case") three days prior to commencing the above-captioned action. Without question, all of Plaintiff's and Raphael's claims in these two actions could have been asserted in a single Federal complaint against Defendants.[2] Defendants subsequently removed the State Case to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, and thereafter it was designated by the Court as a related case to this matter. *See* ECF Docket for *Baden Baden, Inc. v. Graham et al.*, Case No. 1:13-cv-07521-GBD, Nos. 1, 2.

On October 22, 2013, this Court entered a stipulated order in the above-captioned action providing Defendants with a deadline of December 13, 2013 to answer or move in response to the Complaint. ECF Docket No. 6.

## III. THE ALLEGATIONS OF THE COMPLAINT IN THIS ACTION

The Complaint's factual allegations regarding the creation of the allegedly infringed work are exceedingly thin. Plaintiff alleges only that "Mr. Raphael, acting in his capacity as an employee of Baden Baden, created an original owl pendent ('the Owl Pendant Work')."

---

[2] The claims in both actions arise from the same alleged factual circumstances: namely, a business relationship which Plaintiff and Raphael allege to have had with the Defendants during the year 2012, pursuant to which they allegedly delivered jewelry to Defendant Graham. In their Complaint in the State Case, Plaintiff and Raphael assert contract-based claims in connection with alleged "consulting services" which Plaintiffs allege to have performed for Defendants. According to Paragraph 26 of the Complaint in the State Case, these "consulting services" allegedly included "selecting and purchasing . . . jewelry for . . . Defendant Graham's use . . . ." See ECF Docket, Case No. 1:13-cv-07521-GBD, No. 1.

Complaint, ¶ 13. A picture of the Owl Pendant Work is attached to the Complaint as Exhibit A. Plaintiff, however, pleads no facts in support of its conclusory assertion that the Owl Pendant Work is "original." Plaintiff further alleges that the Owl Pendant Work is the subject of U.S. Copyright Registration No. VA-1-858-166, which it attaches to the Complaint. *Id.*, ¶ 14, Ex. B.

The Complaint's allegations regarding Defendants' purported infringement of the Owl Pendant Work are even more vague. Plaintiff alleges that it sold and "delivered" the Owl Pendant Work to Graham, "but did not authorize Defendants to reproduce the Owl Pendant Work." *Id.*, ¶¶ 16-17. Plaintiff further asserts a conclusory allegation, upon information and belief, and without any specification regarding which of the Defendants performed any particular act, that "Defendants have without authorization reproduced, distributed copies of, and publicly displayed the Owl Pendant Work." *Id.*, ¶ 19. The only factual allegation in support of this statement, again made upon information and belief, is that Defendant Graham purportedly posted photographs of unauthorized copies of the Owl Pendant Work on the Instagram social network. *Id.*, ¶¶ 20-22.

## IV. STANDARD OF REVIEW

### A. Standard on a Motion to Dismiss

To survive a motion to dismiss, the factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 540 U.S. 544, 555 (2007). While allegations are taken as true, "[s]weeping legal conclusions cast in the form of factual allegations do not suffice to state a claim even at the Rule 12(b)(6) stage." *Nothing Heavy, Inc. v. Levinson*, 10 cv 03466 (GBD), 2010 U.S. Dist. LEXIS 130679, *10 (S.D.N.Y. Dec. 2, 2010) (Daniels, J.) (quoting *Law Offices of Curtis v. Trinko. L.L.P.*, 309 F.3d 71, 74 (2d Cir. 2002)). "While the

pleading standard is a liberal one, bald assertions and conclusions of law will not suffice." *Id.* (quoting *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996)).

In deciding a motion to dismiss, the Court is not limited to the face of the complaint. Rather, "a court may consider the pleadings and attached exhibits, statements, or documents incorporated by reference, and matters subject to judicial notice." *Steinbeck v. McIntosh & Otis, Inc.*, 04 CV 5497 (GBD), 2009 U.S. Dist. LEXIS 34841, *7 (S.D.N.Y. Mar. 31, 2009) (Daniels, J.) (quoting *Life Product Clearing LLC v. Linda Angel*, 530 F. Supp. 2d 646, 652 (S.D.N.Y. 2008)). Accordingly, in deciding this Motion, the Court may consider each of the Exhibits appended to the Complaint, as well as those as to which Defendants request judicial notice.

**B. Standards Controlling Plaintiff's Copyright Infringement Claim**

To establish copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991). However, "[b]efore asking a court to consider the question of infringement, a party must demonstrate the existence and the validity of its copyright, for in the absence of copyright . . . protection, even original creations are in the public domain and may be freely copied." *Durham Industries, Inc. v. Tomy Corp.*, 630 F. 2d 905, 908 (2d Cir. 1980) (citations omitted). Although a certificate of registration from the U.S. Copyright Office, "if timely obtained, 'constitute[s] prima facie evidence of the validity of the copyright and of the facts stated in the certificate,' it creates no irrebuttable presumption of copyright validity. Where other evidence in the record casts doubt on the question, validity will not be assumed." *Id.* (citations omitted).

"In copyright cases, courts have recognized that they may judicially notice the generic elements of creative works." *Effie Film, LLC v. Pomerance*, 909 F. Supp. 2d 273, 300 (S.D.N.Y.

2012) (internal citations and quotation marks omitted). Thus, for instance, "a court in this district has taken 'judicial notice that members of the New York Police Department are often portrayed as Irish, smokers, drinkers, and third or fourth generation police officers.'" *Id.* (internal citations omitted).

## V. ARGUMENT

### A. This Court Should Take Judicial Notice of the Existence and Appearance of the Ancient Egyptian Hieroglyph for the Letter "M"

Federal Rule of Evidence 201(b) provides in relevant part that a Court may take judicial notice of a fact "that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Under Rule 201(c), the Court "*must* take judicial notice [of a fact] if a party requests it and the court is supplied with the necessary information . . . ." *Effie Film, LLC v. Pomerance*, 909 F. Supp. 2d 273, 298 (S.D.N.Y. 2012) (emphasis added). Historical facts are regularly judicially noticed pursuant to F.R.E. 201(b) and (c). As the Court recently explained in *Effie Film, LLC*:

> **The list of judicially noticed historical facts is . . . wide-ranging.** Relying on Rule 201, courts have judicially noticed facts contained in a comprehensive history of the construction of Lincoln Center, *Hotel Employees & Rest. Employees Union, Local 100 of New York, N.Y. & Vicinity, AFL CIO v. City of New York Dep't of Parks & Recreation*, 311 F.3d 534, 540 n.1 (2d Cir. 2002), Moody's historical stock prices as viewed on [the website] finance.yahoo.com, *In re Moody's Corp. Sec. Litig.*, 612 F. Supp. 2d 397, 401 n.3 (S.D.N.Y. 2009), the historical exclusion of racial minorities from crafts, *United Steelworkers of America v. Weber*, 443 U.S. 193, 198 n.1, 99 S. Ct. 2721, 61 L. Ed. 2d 480 (1979), the number of hijackings of American planes in the United States between September 6, 1968 and September 6, 1969, *Williams v. Transworld Airlines, Inc.*, 369 F. Supp. 797, 802 n.3 (S.D.N.Y. 1974), *aff'd sub nom. Williams v. Trans World Airlines*, 509 F.2d 942 (2d Cir. 1975), the fact that the "armed forces of the United States did not enter Japan [after World War II] as conquerors to levy and exact tribute or to ravish and lay waste the homeland of a

> defeated people," *Japanese Gov't v. Commercial Cas. Ins. Co.,* 101 F. Supp. 243, 245 (S.D.N.Y. 1951), the fact that an album reached numbers 197 on the "Billboard 200" and 32 on the "Billboard R & B/Hip Hop" Charts, *Straughter v. Raymond*, 08 Civ. 2170, 2011 U.S. Dist. LEXIS 93068, 2011 WL 3651350, at *12 (C.D. Cal. Aug. 19, 2011), the fact that "the years 1918-1919 were years of war," *Ransome Concrete Mach. Co. v. Moody*, 282 F. 29, 33 (2d Cir. 1922), the Depression of 1920, *In re B. & R. Glove Corp*., 279 F. 372, 380 (2d Cir. 1922), and "the fact that Santa Claus is a legendary Christmas figure" based on "Sint Nikolaas, a fourth century bishop of Myra, in Lycia, Asia Minor," who is "considered as the patron saint of children and who is fabled as having provided three maidens with dowry by throwing three purses of gold into their window," *Coston v. Prod. Movers*, 89 Civ. 4865, 1990 U.S. Dist. LEXIS 5203, 1990 WL 56516, at *3 n.9 (E.D. Pa. May 2, 1990) (Santa Claus is not protectible).

909 F. Supp. 2d at 300 (internal quotation marks omitted). Consistent with the above-cited cases – in which a wide-ranging variety of historical facts were judicially noticed, this Court should take notice of the existence and appearance of the ancient Egyptian hieroglyph for the letter "M", as set forth in the exhibits to the accompanying Movit Declaration.

### B. Plaintiff's Copyright Infringement Claim Fails Because Its Owl Pendant Is an Unoriginal Copy of an Ancient Hieroglyph in the Public Domain

Unquestionably, the ancient Egyptian hieroglyph for the letter "M" is a work in the public domain that is not protected by copyright. Plaintiff cannot reasonably dispute the existence of countless instances of the hieroglyph, in both two dimensions and three-dimensions over the ages. *See* Movit Declaration, ¶¶ 1-12, Exs. 1-10. Nor can Plaintiff reasonably contest the glaringly obvious fact that the Owl Pendant Work was created by copying that ancient and unprotectable hieroglyph.

While it is possible for an independently protectable derivative work to emerge from a public domain work, "there must be at least some substantial variation, not merely a trivial variation such as might occur in the translation to a different medium." *L. Batlin & Son, Inc*, 536

F.2d at 491; *see also Durham Industries, Inc.*, 630 F.2d at 909 ("the original aspects of a derivative work must be more than trivial"); 1-3 Nimmer on Copyright § 3.03. ("to warrant protection, there must be 'some substantial variation, not merely a trivial variation such as might occur in the translation to a different medium.'"). Moreover, even where it is determined that there is substantial variation, "the only aspects of [the derivative work] entitled to copyright protection are the non-trivial, original features, if any, contributed by the author or creator of these derivative works." *Durham Industries, Inc.*, 630 F.2d at 909.

Here, the Complaint is devoid of any allegations regarding what features (if any) Plaintiff claims are original, and thus protectable, in the Owl Pendant Work. A visual comparison of the Owl Pendant Work to the ancient hieroglyph confirms that no original features exist in the Owl Pendant Work.

The Second Circuit's opinion in *Durham Industries, Inc.* is particularly instructive, and demonstrates why the Owl Pendant Work is not protectable. 630 F.2d 905. In that case, the Second Circuit analyzed whether three-dimensional dolls of various Disney characters (Mickey Mouse, Donald Duck and Pluto Dog) constituted protectable derivative works of the original copyrighted designs for these characters. *Id.* at 908. The Second Circuit explained that only those non-trivial, original features, if any, in a derivative work are afforded copyright protection. *Id.* at 909. Applying this standard, the court held that the dolls at issue were not protectable because "one look at . . . [the] figures reveals that, in each, the element of originality that is necessary to support a valid copyright is totally lacking." *Id.* at 908-909. In reaching this conclusion, the court **rejected** the argument that "the originality requirement of copyrightability can be satisfied by the mere reproduction of a work of art in a different medium, or by the

demonstration of some 'physical' as opposed to 'artistic' skill." *Id.* at 910 (citing *Batlin*, 536 F.2d at 491). Accordingly, the Court held:

> . . . [T]he mere reproduction of the Disney characters in plastic, even though the adaptation of the preexisting works to this medium undoubtedly involved some degree of manufacturing skill, does not constitute originality as this Court has defined the term. Tomy has demonstrated, and the toys themselves reflect, no independent creation, no distinguishable variation from preexisting works, nothing recognizably the author's own contribution that sets Tomy's figures apart from the prototypical Mickey, Donald, and Pluto, authored by Disney and subsequently represented by Disney or its licensees in a seemingly limitless variety of forms and media.

*Id.*[3]

Analogously to *Durham Industries*, the Owl Pendant Work itself reflects no creative contribution or distinguishable variation that sets it apart from the public domain work upon which it is based (even if, *arguendo*, manufacturing skill was required to produce it). *Accord, L. Batlan & Son, Inc.*, 536 F.2d at 487-488, 491 (holding that the transformation of a public domain metal "Uncle Sam bank" into a plastic replica was insufficient to justify any copyright protection for the new work because the "mere reproduction of a work of art in a different medium should not constitute the required originality . . . ."); *Past Pluto Productions Corp. v. Dana*, 627 F. Supp. 1435, 1441 (S.D.N.Y. 1986) (foam crown based upon the Statue of Liberty's crown was not protected by copyright).

---

[3] Although *Durham Industries, Inc.*, was decided on a motion for summary judgment, its rationale is equally applicable to this motion to dismiss. Here, just like in *Durham Industries*, all of the relevant works (*i.e.* the ancient hieroglyphs and the Owl Pendant Work) are before the Court. *See Durham Industries, Inc.*, 630 F.3d at 908-09 ("One look at Tomy's figures reveals that, in each, the element of originality that is necessary to support a valid copyright is totally lacking."); *Reece v. Marc Ecko Unltd.*, 10 Civ. 02901 (JSR), 2011 U.S. Dist. LEXIS 102199, *22 (S.D.N.Y. Aug. 19, 2011) ("A district court may consider the question of non-infringement in a copyright action on a Rule 12(b)(6) motion to dismiss").

In summary, Plaintiff has not and cannot allege any facts demonstrating protectable originality of the Owl Pendant Work. Rather, Plaintiff has merely taken an ancient hieroglyph and transferred it to a new medium (namely, jewelry). As in *Durham Industries* and *L. Batlan & Son, Inc.*, this simply does not constitute the type of substantial variation on the underlying public domain work sufficient to justify copyright protection of original features of the derivative work.

**C. In the Alternative, Plaintiff's Complaint Should Be Dismissed for Failure to Adequately Plead Plausible Facts Demonstrating Copying**

As set forth above, in order to state a valid claim for copyright infringement, Plaintiff's allegations "must be sufficiently precise to put each defendant on notice of his or her allegedly infringing conduct." *Broughel*, 2009 U.S. Dist. LEXIS 35048 at *11 (Daniels, J.). "Therefore, it is axiomatic that plaintiff's claims cannot rest on inchoate and conclusory accusations of unauthorized copying. Rather, in articulating her cause of action, plaintiff must identify, with specificity, the original works that are the subject of her copyright claim and ***which acts committed by defendants constitute infringement of her rights***." *Id.* at *11-12 (emphasis added).

Here, even assuming that Plaintiff has any valid copyright, which as set forth above, it does not, the Complaint still fails because it does not allege which acts committed by which Defendants constituted an infringement of its alleged copyright. Indeed, the only fact arguably supporting Plaintiff's claim is its assertion, on information and belief, that one of the Defendants posted a picture of himself wearing necklaces that also contained owls to his Instagram account. Compl., ¶ 21. This simply is insufficient. *Broughel,* 2009 U.S. Dist. LEXIS 35048 at *11; *see also Scott v. WorldStarHiphop, Inc.,* No. 10 Civ. 9538 (PKC), 2011 U.S. Dist. LEXIS 123273,

*24 (S.D.N.Y. Oct. 24, 2011) ("As applied to a claim of copyright infringement, this means 'it is axiomatic that plaintiff's claims cannot rest on inchoate and conclusory accusations of unauthorized copying.'") (internal citations omitted); *Goffe v. Winfrey*, No. 08 CIV 8653 (NRB), 2008 U.S. Dist. LEXIS 92325, *4 (S.D.N.Y. Oct. 30, 2008) ("Plaintiff's broad accusation that defendants have infringed his property cannot sustain this action under 17 U.S.C. § 501"); *Ranieri v. Adirondack Dev. Group, LLC*, 1:11-CV-01013 (GTS/CFH), 2013 U.S. Dist. LEXIS 43223, *21-22 (N.D.N.Y. Mar. 27, 2013) ("Where, as here, a complaint 'is devoid of specific factual allegations regarding the wrongful conduct of each [defendant] . . . , it must be dismissed as insufficient.'") (internal citations omitted).

## VI. CONCLUSION

For all the foregoing reasons, Defendants respectfully request that Plaintiff's Complaint be dismissed with prejudice.

Dated: New York, New York
December 13, 2013

MITCHELL SILBERBERG & KNUPP LLP

By: ___/s/ Christine Lepera_____________
Christine Lepera (ctl@msk.com)
Jeffrey M. Movit (jmm@msk.com)
12 East 49th Street, 30th Floor
New York, NY 10017
Telephone: (212) 509-3900
Facsimile: (917) 546-7672

*Attorneys for Defendants Aubrey Drake Graham and October's Very Own Merchandising*