UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

BADEN BADEN INC.,

                Plaintiff,

      -vs-                                      Civil Action No. 13-cv-5986 (GBD)

AUBREY DRAKE GRAHAM, and
OCTOBER'S VERY OWN MERCHANDISING
d/b/a OVO,

                Defendants.

_____

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

HARRIS BEACH PLLC
Neal L. Slifkin, Bar Code:  NS1636
*Attorneys for Plaintiff*
99 Garnsey Road
Pittsford, New York 14534
Telephone:  585-419-8800
Facsimile:  585-419-8813
*nslifkin@harrisbeach.com*

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ............................................................................. 1

FACTS ................................................................................................................... 2

ARGUMENT ......................................................................................................... 4

   POINT I ............................................................................................................. 4

      STANDARD FOR SUFFICIENCY OF A COMPLAINT FOR COPYRIGHT
      INFRINGEMENT ........................................................................................ 4

   POINT II ............................................................................................................ 6

      THE EVIDENCE SUBMITTED BY DEFENDANTS IN SUPPORT OF THEIR
      MOTION TO DISMISS IS NOT APPROPRIATE MATERIAL FOR JUDICIAL
      NOTICE ........................................................................................................ 6

   POINT III .......................................................................................................... 8

      PLAINTIFF'S OWL PENDANT WORK CONTAINS SUFFICIENT ORIGINAL
      EXPRESSION TO BE PROTECTED BY COPYRIGHT ............................ 8

     A. Copyright Protection Only Requires that the Work be the Author's Own, Not that
        it be Novel ................................................................................................ 8

     B. A Work May be Copyrighted Even if It Consists Solely of a Combination of Pre-
        Existing Elements .................................................................................. 10

     C. Plaintiff's Complaint Sufficiently Alleges Originality to Survive a Motion to
        Dismiss .................................................................................................... 12

     D. Even if a Detailed Showing of Originality Were Required, the Complaint
        Sufficiently Demonstrates the Work is Original ...................................... 12

   POINT IV .......................................................................................................... 18

      THE COMPLAINT ADEQUATELY ALLEGES INFRINGEMENT OF
      PLAINTIFF'S COPYRIGHT IN THE OWL PENDANT WORK BY DEFENDANTS
      .................................................................................................................... 18

   POINT V ........................................................................................................... 22

      ALTERNATIVELY, PLAINTIFF SHOULD BE GIVEN LEAVE TO AMEND ........ 22

CONCLUSION .................................................................................................... 24

i

## TABLE OF AUTHORITIES

**Page**

### Cases

*Alfred Bell & Co. v. Catalda Fine Arts, Inc.*, 191 F.2d 99, 102-03 (2d Cir. 1951) 9, 10, 11, 16, 19

*Alva Studios, Inc. v. Winninger*, 177 F. Supp. 265 (S.D.N.Y. 1959)............................................ 18

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ..................................................................... 7

*Baker v. Selden*, 101 U.S. 99, 102 (1879)........................................................................ 19

*Batlin & Son, Inc. v. Snyder*, 536 F.2d 486, 490 (2d Cir. 1976).................................................. 11

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (May 21, 2007)................................................. 6, 7

*Boisson v. Banian, Ltd.*, 273 F. 3d 262, 270 (2d Cir. 2001) ................................................. 11, 15

*Brazill v. Cal. Northstate Coll. of Pharmacy, LLC*, 904 F. Supp. 2d 1047, 1052 n.3 (E.D. Cal. 2012) ........................................................................................................................ 8

*Broughel v. Battery Conservancy*, No. 07-CV-7755 (GBD), 2009 WL 928280, at *4 (S.D.N.Y. Mar. 30, 2009).................................................................................................... 25

*Chamberlin v. Uris Sales Corp.*, 150 F.2d 512 (2d Cir. 1945).................................................... 9

*Coal for a Sustainable Delta v. McCamman*, 725 F. Supp. 2d 1162, 1184 (E.D. Cal. 2010) ........ 8

*Cynthia Designs, Inc. v. Robert Zentall, Inc.*, 416 F. Supp. 510 (S.D.N.Y. 1976)...................... 13

*Diamond Direct, LLC v. Star Diamond Group, Inc.*, 116 F. Supp. 2d 525, 528-29 (S.D.N.Y. 2000) ...................................................................................................................... 10

*Durham Industries, Inc. v. Tomy Corp.*, 630 F.2d 905 (2d Cir. 1980) ..................................... 17

*Effie Film, LLC v. Pomerance*, 909 F. Supp. 2d 273 (S.D.N.Y. 2012) .................................... 7

*Eyal R.D. Corp. v. Jewelex N.Y., Ltd.*, 576 F. Supp. 2d 626, 634 (S.D.N.Y. 2008) ......... 10, 18, 19

*Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991)............ 9, 10, 11, 12, 19

*Garcia-Catalan v. United States*, 734 F.3d 100, 104 (1st Cir. 2013) ........................................ 5

*Hamilton v. Palm*, 621 F.3d 816, 818 (8th Cir. 2010) ....................................................... 5

*Harper & Row, Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 556 (1985) ............................ 9

*Hoague-Sprague Corp. v. Frank C. Meyer Co., Inc.*, 31 F.2d 583, 586 (E.D.N.Y. 1929)........... 10

*Khalil v. City Coll. of City of New York*, No. 04 CV 2022 (GBD), 2005 WL 387182, at *2 (S.D.N.Y. Feb. 16, 2005)................................................................................................ 26

*Kieselstein-Cord v. Accessories by Pearl, Inc.*, 632 F.2d 989, 993 & n.5 (2d Cir. 1980)............ 13

*K-Tech Telecomms, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013) ....... 5

*L. Batlin & Son, Inc. v. Snyder*, 536 F.2d 486 (2d Cir. 1976) ................................................. 17

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)........................................................................................................................ 5

*Medallic Art Co. v. Novus Marketing Inc.*, No. 99 CIV 502 (JSM), 1999 WL 619579 (S.D.N.Y. Aug. 16, 1999), *aff'd in part, vacated in part* 208 F.3d 203 (2d Cir. 2000)........................... 12

*Merit Diamond Corp. v. Frederick Goldman, Inc.*, 376 F. Supp. 2d 517 (S.D.N.Y. 2005) ... 13, 20

*Metal Morphosis, Inc. v. Acorn Media Publishing, Inc.*, 639 F. Supp. 2d 1367 (N.D. Ga. 2009) 14

*Montblanc-Simplo GmbH v. Colibri Corp.*, 692 F. Supp. 2d 245 (E.D.N.Y. 2010) ................... 24

*Odegard, Inc. v. Costikyan Classic Carpets, Inc.*, 963 F. Supp. 1328, 1335 (S.D.N.Y. 1997).... 16

*PPS, Inc. v. Jewelry Sales Reps., Inc.*, 392 F. Supp. 375 (S.D.N.Y. 1975) ................................ 13

*R.F.M.A.S., Inc. v. Mimi So*, 619 F.Supp.2d 39, 65 & n.14 (S.D.N.Y. 2009) ............................ 18

*R+L Carriers, Inc. v. DriverTech LLC*, 681 F.3d 1323, 1334 (Fed. Cir. 2012) ............................ 5
*Ronald Litoff, Ltd. v. American Express Co.*, 621 F. Supp. 981, 985 (S.D.N.Y. 1985) .............. 24
*The Trade-Mark Cases*, 100 U.S. 82, 94 (1879) ..................................................................... 9
*Todd v. Montana Silversmiths, Inc.*, 379 F. Supp. 2d 1110, 1112 (D. Colo. 2005) .................... 14
*Van Cleef & Arpels Logistics, S.A. v. Landau Jewelry*, 547 F. Supp. 2d 356 (S.D.N.Y. 2008) ... 21
*Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007) .......................................................... 8
*Wireless Ink Corp. v. Facebook, Inc.*, 787 F. Supp. 2d 298, 306 (S.D.N.Y. 2011) ....................... 5
*Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 109 (2d Cir. 2001) ........................ 10, 12, 15, 19
*Yurman Studio, Inc. v. Castaneda*, 591 F. Supp. 2d 471 (S.D.N.Y. 2008) ............................ 12, 20

**Rules**

Fed. R. Civ. P. 8 ................................................................................................................ 4, 12
Fed. R. Civ. P. 84 ............................................................................................................... 4, 5
Fed. R. Evid. 201 ............................................................................................................... 6, 7

**Statutes**

17 U.S.C. § 106 ...................................................................................................................... 23
17 U.S.C. § 501 ...................................................................................................................... 20

**Other Authorities**

1 M. Nimmer & D. Nimmer, *Copyright* § 1.08[C][1] (1990) ....................................................... 8
Fed. R. Civ. P. Form 19 ....................................................................................................... 5, 12, 18

## PRELIMINARY STATEMENT

Defendants' motion to dismiss should be denied because it is premised on an erroneous characterization of the originality requirement for copyright and a deliberately obtuse reading of the allegations of infringement in the Complaint.  As described below, Plaintiff's Owl Pendant Work contains ample original expression to qualify for copyright protection, and the Complaint sufficiently alleges infringement by the Defendants.

Plaintiff brought this action for copyright infringement based on clear evidence that Defendants had infringed its copyright in an original owl-shaped pendant designed by Plaintiff's Chief Executive Officer.  In particular, Defendants posted on the internet photographs of multiple unauthorized copies of Plaintiff's Owl Pendant Work being worn by various individuals.  These photographs show that Defendants reproduced the Owl Pendant Work without authorization in violation of 17 U.S.C. § 106(1); distributed copies of the Owl Pendant Work in violation of 17 U.S.C. § 106(3); and publicly displayed images of the Owl Pendant Work and the unauthorized copies in violation of 17 U.S.C. § 106(5).

Defendants' argument that Plaintiff's pendant cannot be protected by copyright because other depictions of owls existed before Plaintiff created its Owl Pendant Work is based on a mischaracterization of the originality requirement.  A copyrighted work need not be novel, and only a minimal amount of original expression is required.  The work here embodies ample original artistic expression, including various unique feather patterns and beak elements, to entitle Plaintiff to copyright protection.  Second, the evidence defendants submit is not properly considered on a motion to dismiss.

Defendants are similarly mistaken in their argument that Plaintiff need allege more details of their infringement.  The Complaint includes enough factual detail to make its claims

1

plausible, all that is required at this stage.  It attaches photographs of the original Owl Pendant

Work created by Plaintiff (Compl., Ex. A), the registration certificate (*id.*, Ex. B), and infringing

copies made, distributed, and publicly displayed by Defendants (*id.*, Exs. D, E, F).  The Exhibits

amply illustrate that Defendants copied Plaintiff's original expression.  Accordingly, Defendants'

motion to dismiss should be denied.

### FACTS

Baden Baden sells unique jewelry and other artwork created by Michael Raphael, the

Chief Executive Officer of Baden Baden.  (Compl. ¶ 12.)  In about November 2012, Mr.

Raphael, acting in his capacity as an employee of Baden Baden, created the Owl Pendant Work,

an original owl-shaped pendant that is depicted in Exhibit A to the Complaint.  (*Id.* ¶ 13.)



**Plaintiff's Owl Pendant Work**
**(from Exhibit A to the Complaint)**

The Owl Pendant Work contains numerous features of original expression, including but

not limited to: the use of gemstones for eyes; the feather patterns on the head and body; the

feather patterns on the wings; the differing feather patterns and textures on the proximal and distal portions of the wings; the tail feather texture and pattern; the feather patterns surrounding the eyes; the approximately circular areas surrounding the eyes; the incongruously angular V-shaped beak; the placement of the V-shaped beak in relation to the areas surrounding the eyes; the contrast between the smooth beak and the textured head and body; the contrast between the smooth legs and feet and the textured portions of the head and body; the positioning of the head, body, legs, wing, and tailfeathers; the variation in depth of the features; the curvatures of the surfaces of the head, body, legs, wing, and tailfeathers; the different reflectivity of various portions of the owl; and combinations of some or all of these features.  (*Id.*, Ex. A.)

Baden Baden sold a single original Owl Pendant Work to Defendant Graham (*id.* ¶ 16), and delivered it to him in December 2012 (*id.* ¶ 17).  Baden Baden did not authorize Defendant Graham or Defendant October's Very Own Merchandising ("OVO") to reproduce the Owl Pendant Work.  (*Id.* ¶ 16.)

Defendant Graham, Defendant OVO, or both, reproduced the Owl Pendant Work without authorization (*id.* ¶ 19), distributed unauthorized copies of the Owl Pendant Work (*id.*), and publicly displayed those unauthorized copies of the Owl Pendant Work (*id.*; *see also id.*, Ex. D).  Among other things, Defendants publicly displayed those unauthorized copies by placing photographs of them on Defendant Graham's Instagram page.  (*Id.* ¶¶ 20-22; *id.* Exs. D, E, F.)





**Infringing Copies of the Owl Pendant Work on Defendant Graham's Instagram Page (from Exhibit D to the Complaint)**

**Infringing Copy of the Owl Pendant Work on Defendant Graham's Instagram Page (from page 1 of Exhibit F to the Complaint)**

## ARGUMENT

### POINT I

### STANDARD FOR SUFFICIENCY OF A COMPLAINT FOR COPYRIGHT INFRINGEMENT

To state a claim, a complaint only needs to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Form 19 sets out all that is required to sufficiently plead a claim for copyright infringement.  Rule 84 states: "The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate."  Fed. R. Civ. P. 84.  "Rule 84, combined with guidance from the Advisory Committee Notes to the 1946 amendment of Rule 84, makes clear that a proper use of a form contained in the Appendix of Forms effectively immunizes a claimant from attack

regarding the sufficiency of the pleading." *K-Tech Telecomms, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013) (citing *R+L Carriers, Inc. v. DriverTech LLC*, 681 F.3d 1323, 1334 (Fed. Cir. 2012)); *see also Wireless Ink Corp. v. Facebook, Inc.*, 787 F. Supp. 2d 298, 306 (S.D.N.Y. 2011) ("Additional guidance as to what constitutes a sufficiently pled claim is set forth in Rule 84 ...."). *Twombly* and *Iqbal* did not abrogate Form 19 and Rule 84 because, as part of Federal Rules of Civil Procedure, they "may only be amended 'by the process of amending the Federal Rules, and not by judicial interpretation.'" *Hamilton v. Palm*, 621 F.3d 816, 818 (8th Cir. 2010) (citation omitted); *see also Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) (observing that implementation of a heightened pleading standard "must be obtained by the process of amending the Federal Rules, and not by judicial interpretation"); *Garcia-Catalan v. United States*, 734 F.3d 100, 104 (1st Cir. 2013) ("At least two courts of appeals have concluded that the standard announced in *Twombly* and *Iqbal* does not undermine the viability of the federal forms as long as there are sufficient facts alleged in the complaint to make the claim plausible .... We share this view.") (citations omitted). It seems even less likely that the Supreme Court intended to overrule Form 19 and Rule 84 because Form 19 was added and the most recent amendment to Rule 84 became effective on December 1, 2007, six months after *Twombly* was decided. *See* Fed. R. Civ. P. Form 19 (added Apr. 30, 2007, effective Dec. 1, 2007); Fed. R. Civ. P. 84 (amended Apr. 30, 2007, effective Dec. 1, 2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (May 21, 2007). Thus, a complaint sufficiently alleges copyright infringement if it includes the elements set out in Form 19.

*Twombly* and *Iqbal* do not require a pleading of the details of original expression, nor do they require a plaintiff to state with particularity the circumstances of the Defendants'

infringement, as part of a claim for copyright infringement.   Rather, as the Supreme Court

explained in *Iqbal*:

> the pleading standard Rule 8 announces does not require "detailed
> factual allegations," but it demands more than an unadorned, the-
> defendant-unlawfully-harmed-me accusation ….
>
> To survive a motion to dismiss, a complaint must contain
> sufficient factual matter, accepted as true, to "state a claim to relief
> that is plausible on its face."   A claim has facial plausibility when
> the plaintiff pleads factual content that allows the court to draw the
> reasonable inference that the defendant is liable for the misconduct
> alleged.   The plausibility standard is not akin to a "probability
> requirement," but it asks for more than a sheer possibility that a
> defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555-57).   As

described below, the Complaint alleges facts sufficient to state a claim for copyright

infringement against each of the Defendants.

## POINT II

### THE EVIDENCE SUBMITTED BY DEFENDANTS IN SUPPORT OF THEIR MOTION TO DISMISS IS NOT APPROPRIATE MATERIAL FOR JUDICIAL NOTICE

The exhibits Defendants submitted in support of their motion to dismiss are not proper

subjects for judicial notice, and the Court should not consider them.   The appearance of

purportedly ancient hieroglyphs, which defendants seek to establish through webpage printouts

attached to Mr. Movitt's declaration, are not facts that "can be accurately and readily determined

from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(a)(2), nor are

they "generally known" within this Court's jurisdiction, *id.* 201(a)(1).   For example, in *Effie

Film, LLC v. Pomerance*, 909 F. Supp. 2d 273 (S.D.N.Y. 2012), relied on by Defendants, the

Court took notice only of "certain historical facts," namely, "facts relevant to the basic story

structure and … a number of discrete facts relevant to its substantial similarity analysis."   *Id.* at

300-01.  Well-established historical facts were accepted, but "[t]he Court [did] not embrace wholesale the many facts urged by Plaintiff for judicial notice, since many of Plaintiff's exhibits consist[ed] of one or two pages copied from the middle of books without any context."  *Id.* at 301 n.11.

Defendants submitted ten exhibits attached to a declaration by counsel "in support of of Defendants' request for judicial notice of the existence and appearance of the Egyptian owl hieroglyph representing the letter 'M'."  (Decl. of Jeffrey M. Movitt, dated Dec. 13, 2013 (D.I. 14).)  Even if the Court takes judicial notice of the existence of the webpages, it should not take notice of the "facts" Defendants argue, including that any of the depictions of an owl predate Plaintiff's creation of the Owl Pendant Work.  *See Coal for a Sustainable Delta v. McCamman*, 725 F. Supp. 2d 1162, 1184 (E.D. Cal. 2010) ("All of the documents offered by Central Delta, along with the FWS web page and the DVD depicting the CFGC meeting, are subject to judicial notice under Federal Rule of Evidence 201 to prove their existence and content, but not for the truth of the matters asserted therein.").  The depictions of hieroglyphs presented in Defendants' webpage printouts are not from "sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(a)(2), because websites are generally not sources whose accuracy cannot reasonably be questioned.  *See Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007); *Brazill v. Cal. Northstate Coll. of Pharmacy, LLC*, 904 F. Supp. 2d 1047, 1052 n.3 (E.D. Cal. 2012) ("There are heightened difficulties in taking judicial notice of facts on a webpage, namely that anyone can say anything on one.").  The Defendants' "evidence" regarding the Egyptian owl hieroglyph should therefore be disregarded on their motion to dismiss.

**POINT III**

**PLAINTIFF'S OWL PENDANT WORK CONTAINS SUFFICIENT ORIGINAL EXPRESSION TO BE PROTECTED BY COPYRIGHT**

**A.    Copyright Protection Only Requires that the Work be the Author's Own, Not that it be Novel**

"To qualify for copyright protection, a work must be original to the author."  *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991) (citing *Harper & Row, Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 556 (1985)).  As explained by the Supreme Court, "originality requires independent creation plus a modicum of creativity." *Feist*, 499 U.S. at 346 (citing *The Trade-Mark Cases*, 100 U.S. 82, 94 (1879)).  "All that is needed … is that the 'author' contributed something more than a 'merely trivial' variation, something recognizably 'his own.'" *Alfred Bell & Co. v. Catalda Fine Arts, Inc.*, 191 F.2d 99, 102-03 (2d Cir. 1951) (citing *Chamberlin v. Uris Sales Corp.*, 150 F.2d 512 (2d Cir. 1945)).  "[T]he requisite level of creativity is extremely low; even a slight amount will suffice.  The vast majority of works make the grade quite easily, as they possess some creative spark, 'no matter how crude, humble or obvious' it might be." *Feist*, 499 U.S. at 345 (quoting 1 M. Nimmer & D. Nimmer, *Copyright* § 1.08[C][1] (1990)); *Eyal R.D. Corp. v. Jewelex N.Y., Ltd.*, 576 F. Supp. 2d 626, 634 (S.D.N.Y. 2008) ("A review of the case law reveals that the 'quantum of originality necessary to invoke copyright protection is very small.'" (quoting *Diamond Direct, LLC v. Star Diamond Group, Inc.*, 116 F. Supp. 2d 525, 528-29 (S.D.N.Y. 2000)).

Originality is not the same as novelty.  "'Originality' in this context 'means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity.'" *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 109 (2d Cir. 2001) (quoting *Feist Publications, Inc.*, 499 U.S. at 345); *see also Alfred*

*Bell & Co.*, 191 F.2d at 103 ("Originality in this context 'means little more than a prohibition of actual copying.'") (quoting *Hoague-Sprague Corp. v. Frank C. Meyer Co., Inc.*, 31 F.2d 583, 586 (E.D.N.Y. 1929)).  Novelty, which requires something new and unique, is not a requirement for copyright.  *Boisson v. Banian, Ltd.*, 273 F. 3d 262, 270 (2d Cir. 2001) ("Absent evidence of copying, an author is entitled to copyright protection for an independently produced original work despite its identical nature to a prior work, because it is independent creation, and not novelty that is required."); *see also Feist*, 499 U.S. at 345 ("Originality does not signify novelty; a work may be original even though it closely resembles other works so long as the similarity is fortuitous, not the result of copying.").

Because novelty is not required, copyright protects original expression, even if it is identical to preexisting works.  "The 'author' is entitled to a copyright if he independently contrived a work completely identical with what went before .…"  *Alfred Bell & Co.*, 191 F.2d at 103; *see also L. Batlin & Son, Inc. v. Snyder*, 536 F.2d 486, 490 (2d Cir. 1976) ("Originality is, however, distinguished from novelty; there must be independent creation, but it need not be invention in the sense of striking uniqueness, ingeniousness, or novelty .…").

For example, this Court found banknote replicas made of metal were sufficiently original to merit copyright protection in *Medallic Art Co. v. Novus Marketing Inc.*, No. 99 CIV 502 (JSM), 1999 WL 619579 (S.D.N.Y. Aug. 16, 1999), *aff'd in part, vacated in part* 208 F.3d 203 (2d Cir. 2000).  The plaintiff there created three-dimensional representations of banknotes "that attempted to duplicate as closely as possible the original … currency."  *Id.* at *1.  Even so, the Court found that they "display[ed] at least that minimal level of creativity necessary to entitle them to copyright protection as derivative works."  *Id.*  Even if taken at face value, Defendants'

unsupported claims that the Owl Pendant Work is identical to an existing work do not warrant dismissal under Rule 12(b)(6).

## B.  A Work May be Copyrighted Even if It Consists Solely of a Combination of Pre-Existing Elements

Even a combination of pre-existing elements qualifies for copyright protection, as long as the author's selection and arrangement "display[s] some minimal level of creativity." *Feist*, 499 U.S. at 358; *PAJ, Inc.*, 262 F.3d at 109 ("Copyright law may protect a combination of elements that are unoriginal in themselves.").  For example, in *Yurman Studio, Inc. v. Castaneda*, 591 F. Supp. 2d 471 (S.D.N.Y. 2008) (*Castaneda*), the Court observed that it was irrelevant that the specific design elements had been in the public domain for hundreds of years.  As the Court explained:  "With respect to most of Yurman's designs, 'this showing misses the point …:  the originality in Yurman's designs inheres in the ways Yurman has recast and arranged those constituent elements.'"  *Id.* at 495 (quoting *PAJ, Inc.*, 262 F.3d at 109).  With respect to two of the designs, however, prior art raised "fact issues regarding the originality of the combination of specific elements" sufficient to defeat the plaintiff's motion for summary judgment against the defendants' counterclaim for cancellation of the plaintiff's copyright registration.  *Id.* at 495.[1]

Jewelry, in particular, is subject to copyright protection even if it mimics existing objects or combines existing elements.  *Kieselstein-Cord v. Accessories by Pearl, Inc.*, 632 F.2d 989, 993 & n.5 (2d Cir. 1980).  For example, in *Cynthia Designs, Inc. v. Robert Zentall, Inc.*, 416 F. Supp. 510 (S.D.N.Y. 1976), the plaintiff's T-shirt shaped pendants were copyrightable.  The Court found that plaintiff's "renditions of a T-shirt as articles of jewelry required the exercise of 'artistic craftsmanship' and that [the] pendants contain[ed] 'distinguishable variations' from

---

[1] If such a submission created fact issues on a motion for summary judgment, it cannot be grounds for dismissal under Rule 12(b)(6).

ordinary T-shirts in the public domain." *Id.* at 512. Likewise, in *PPS, Inc. v. Jewelry Sales Reps., Inc.*, 392 F. Supp. 375 (S.D.N.Y. 1975), the Court held that the plaintiff's apple-shaped costume jewelry with an "I Like You" marking "clearly met" the requisite level of originality. *Id.* at 382.

In *Merit Diamond Corp. v. Frederick Goldman, Inc.*, 376 F. Supp. 2d 517 (S.D.N.Y. 2005), the Court issued a preliminary injunction despite the defendant's argument that the plaintiff's jewelry design lacked originality. Defendants introduced several catalog excerpts to show that the distinctive elements in the plaintiff's pendant design had been used by other designers first. *Id.* at 523. The plaintiff did not contest that the individual elements could be found in earlier jewelry designs. *Id.* The Court nevertheless found that the defendants failed to rebut the presumption of validity that arises from copyright registration because none of the earlier references had "the unique combination of elements" of the plaintiff's design. *Id.*

A bird's nest–shaped pendant was held sufficiently original to defeat a motion to dismiss in *Metal Morphosis, Inc. v. Acorn Media Publishing, Inc.*, 639 F. Supp. 2d 1367 (N.D. Ga. 2009). Although it was certainly not the first bird's nest ever, the Court found originality in the plaintiff's configuration of the nest depicted in its pendant:

> The Plaintiff's bird's nest is wide and shallow. Twigs are incorporated into the nest, but not smoothly throughout. Instead, they run more like veins across the inside bowl that highlight the eggs. This layout of the twigs may be rather obvious, but it is also somewhat unnatural. Atop the twigs are three eggs in nest-two that are off-white and one that is more lavender. Although the degree of inspiration is slight, it meets the originality threshold.

*Id.* at 1374 (citing *Todd v. Montana Silversmiths, Inc.*, 379 F. Supp. 2d 1110, 1112 (D. Colo. 2005)).

**C.      Plaintiff's Complaint Sufficiently Alleges Originality to Survive a Motion to Dismiss**

Defendants argue that "Plaintiff … pleads no facts in support of its conclusory assertion that the Owl Pendant Work is 'original.'"  (Def. Mem. at 3.)  Plaintiff's copyright registration certificate, however, which is Exhibit B to the Complaint, "constitute[s] prima facie evidence of the validity not only of [its] copyright[], but also of the originality of [its] work[]."  *Boisson*, 273 F.3d at 268; *PAJ, Inc.*, 262 F.3d at 109.   No further allegation regarding originality of the Owl Pendant Work is required.  Further, the Complaint also alleges that "In about November 2012, Mr. Raphael, acting in his capacity as an employee of Baden Baden, created an original owl pendant ("the Owl Pendant Work").   A photograph of the Owl Pendant Work is attached as **Exhibit A**."  (Compl. ¶ 13.)  This allegation identifies the specific employee who created the work, and when it was created.

Defendants also miss the mark when they argue that "the Complaint is devoid of any allegations regarding what features (if any) Plaintiff claims are original, and thus protectable, in the Owl Pendant Work."  (Def. Mem. at 7).  Such specific pleading is not required.  *See* Fed. R. Civ. P. 8(a)(2); Form 19.

**D.      Even if a Detailed Showing of Originality Were Required, the Complaint Sufficiently Demonstrates the Work is Original**

The Complaint not only alleges that the work was an original creation, but it includes a photograph demonstrating the originality of the Owl Pendant Work.   As Exhibit A to the Complaint demonstrates, the Owl Pendant Work contains a number features that embody original expression of an owl, including:

- the use of gemstones for eyes;

- the feather patterns on the head and body;

- the feather patterns on the wings;

- the differing feather patterns and textures on the proximal and distal portions of the wings;

- the tail feather texture and pattern;

- the feather patterns surrounding the eyes;

- the approximately circular areas surrounding the eyes;

- the incongruously angular V-shaped beak;

- the placement of the V-shaped beak in relation to the areas surrounding the eyes;

- the contrast between the smooth beak area and the textured head and body;

- the contrast between the smooth legs and feet and the textured portions of the head and body;

- the positioning of the head, body, legs, wing, and tailfeathers;

- the curvatures of the surfaces of the head, body, legs, wing, and tailfeathers;

- the variation of depth of the features;

- the different reflectivity of various portions of the owl.

(Compl., Ex. A.)  These elements are not identical to (and some are not even found in) the hieroglyphs presented by the Defendants.  In addition, to the extent that any of these features are unoriginal (which Plaintiff does not concede), their combination and arrangement constitutes original expression.  *See Odegard, Inc. v. Costikyan Classic Carpets, Inc.*, 963 F. Supp. 1328, 1335 (S.D.N.Y. 1997) ("Even if the motifs themselves are not copyrightable, the designer of a fabric may copyright its selection and arrangement of motifs, or its combining of motifs.").

As the features listed above demonstrate, the Plaintiff has done far more than merely convert an existing work into a new medium.  *See, e.g.*, *Alfred Bell & Co.*, 191 F.2d at 104-05 (finding the plaintiff's mezzotint reproductions of public domain photographs to contain sufficient original expression).  The Owl Pendant Work contains numerous original features, and, in addition, its combination of those features is also original.  So, unlike the plastic Disney

13

character toys in *Durham Industries, Inc. v. Tomy Corp.*, 630 F.2d 905 (2d Cir. 1980), the Owl

Pendant Work is not an unoriginal adaptation of a preexisting work into a new medium.  *Durham*

involved three-dimensional toys that were "instantly recognizable as the Disney Characters

Mickey Mouse, Donald Duck and Pluto Dog."  *Id.* at 908.  There was "no independent creation,

no distinguishable variation from preexisting works, nothing recognizably the author's own

contribution that sets Tomy's figures apart from the prototypical Mickey, Donald, and Pluto .…"

*Id.* at 910.  *Durham* also presented special concerns because a copyright in the three-dimensional

figures, which were licensed derivative works of Disney's characters, could have prevented

Disney from licensing others to make similar derivative works.  *Id.* at 910-11.  Those concerns

are not present here.

        The significant original expression embodied in the Owl Pendant Work distinguishes this

case also from *L. Batlin & Son, Inc. v. Snyder*, 536 F.2d 486 (2d Cir. 1976).  The plastic Uncle

Sam–shaped bank at issue there was a reproduction of a public domain cast metal Uncle Sam–

shaped bank.   The record there included competent evidence, *id.* at 488 n.1, and expert

testimony, *id.* at 489, that convinced the trial court that:

>           the variations found in appellants' plastic bank were merely
>           "trivial" and that it was a reproduction of the metal bank made as
>           simply as possible for the purposes of manufacture.   In other
>           words, *there were no elements of difference that amounted to*
>           *significant alteration or that had any purpose other than the*
>           *functional one of making a more suitable (and probably less*
>           *expensive) figure in the plastic medium.*

*Id.* (emphasis added).  The Second Circuit agreed and held that "plastic bank is neither in the

category of exactitude required by *Alva Studios* nor in a category of substantial originality" and

thus was not copyrightable.  *Id.* at 492.  The court reasoned that "[t]o extend copyrightability to

minuscule variations would simply put a weapon for harassment in the hands of mischievous

14

copiers intent on appropriating and monopolizing public domain work."  *Id.*  Such concerns are not present here, because Plaintiff is not seeking to co-opt all owl-shaped pendants.  Plaintiff only seeks to protect its original Owl Pendant Work.

Further, the Owl Pendant Work is more than a slavish copy of a single earlier depiction of an owl.  In *Batlin*, the reproduction plastic bank at issue was compared to a single work of prior art.  *See id.* at 488 n.1.  Here, however, Defendants cannot point to a single owl depiction that they allege Plaintiff mimicked.  Further, if the Owl Pendant Work is deemed such a close reproduction of a single earlier work that copyright protection depends on the amount of effort invested in its creation, *see Batlin*, 536 F.2d at 491 (describing *Alva Studios, Inc. v. Winninger*, 177 F. Supp. 265 (S.D.N.Y. 1959)), that also creates an issue of fact that cannot be decided on a motion to dismiss.

Further, specific features need not be original because copyright protection readily extends to the selection and arrangement of elements that are already in the public domain.  *See R.F.M.A.S., Inc. v. Mimi So*, 619 F.Supp.2d 39, 65 & n.14 (S.D.N.Y. 2009); *see also Eyal R.D. Corp.*, 576 F. Supp. 2d at 634.  Moreover, as stated above, the copyright registration for the Owl Pendant Work (Compl., Ex. B), establishes that it contains sufficient original expression.  *See PAJ, Inc.*, 262 F.3d at 109.

Defendants attempt to displace the originality requirement with a novelty requirement, for example arguing that "A visual comparison of the Owl Pendant Work to the ancient hieroglyph confirms that no original features exist in the Owl Pendant Work."  (Def. Mem. at 7.) This argument is misplaced for a host of reasons.  First, Defendants' implication that expression cannot be original if it is similar to preexisting works is simply wrong and has been repeatedly rejected.  *E.g.*, *Feist*, 499 U.S. at 345-46 ("[A] work may be original even though it closely

resembles other works so long as the similarity is fortuitous, not the result of copying.   To illustrate, assume that two poets, each ignorant of the other, compose identical poems.   Neither work is novel, yet both are original and, hence, copyrightable."); *Baker v. Selden*, 101 U.S. 99, 102 (1879) ("The copyright of the book, if not pirated from other works, would be valid without regard to the novelty, or want of novelty, of its subject-matter.   The novelty of the art or thing described or explained has nothing to do with the validity of the copyright."); *Alfred Bell & Co. v. Catalda Fine Arts, Inc.*, 191 F.2d 99, 103 (2d Cir. 1951) ("The 'author' is entitled to a copyright if he independently contrived a work completely identical with what went before ….").

Second, Defendant erroneously focuses on individual features, instead of the design as a whole.   *Eyal R.D. Corp.*, 576 F. Supp. 2d at 634 ("Eyal correctly points out that Jewelex improperly focuses on the Eyal Single Band Ring's component parts in arguing that the jewelry design is not entitled to copyright protection.").

Third, as set forth above, the depictions in Defendants' exhibits, and Defendants' assertion that they predate Plaintiff's Owl Pendant Work, are not properly before the Court.

Fourth, despite Defendants' conclusory argument to the contrary, a comparison of the Owl Pendant Work to the various exhibits Defendants submitted demonstrates that the Owl Pendant Work contains ample original expression.   Plaintiff does not claim copyright in a generic owl, it claims copyright in its three-dimensional sculpture, the Owl Pendant Work, which is its original expression of that idea.   In *Merit Diamond Corp. v. Frederick Goldman, Inc.*, 376 F. Supp. 2d 517 (S.D.N.Y. 2005), the Court rejected arguments based on a similar proffering of prior art that the defendant submitted in opposition to a motion for a preliminary injunction.   The Court was "not persuaded that any of the prior art shown by Defendants in their moving papers rebuts this presumption [of validity], as none of it anticipates the unique combination of elements

contained in the design for the Three Stones pendant." *Id.* at 523.  Similarly here, not one of the purported prior art references submitted by Defendants contains anything approaching the unique combination of elements that are found in Plaintiff's Owl Pendant Work.

Fifth, even if the Court were to consider Defendants' evidence and find Plaintiff's work to be similar to one of those other owl depictions, it would create issues of fact as to whether Plaintiff copied those designs or even had access to them.  *See Casteneda*, 591 F. Supp. 2d at 495 ("Scholars disagree, and the Second Circuit has not decided, as to whether a defendant challenging the originality of a plaintiff's copyrighted work must provide evidence of actual copying, or if copying may be inferred through plaintiff's access to designs in the public domain and the substantial similarity of the works to those designs.").  In *Van Cleef & Arpels Logistics, S.A. v. Landau Jewelry*, 547 F. Supp. 2d 356 (S.D.N.Y. 2008), the Court rejected the argument that the plaintiff's copyright was invalid simply because similar designs were in the public domain.  The mere existence of similar shapes did not constitute *evidence* that plaintiff copied those public domain works.  *Id.* at 364.  Likewise here, even if the Owl Pendant Design were similar to a public domain work, there would be issues of fact that cannot be resolved on a motion to dismiss.

When the originality requirement is properly understood, it is clear that the Owl Pendant Work contains ample original expression to be protected by copyright, and Defendants' conclusory arguments to the contrary cannot overcome the presumption of validity—including a presumption of originality—on a motion to dismiss.

## POINT IV

## THE COMPLAINT ADEQUATELY ALLEGES INFRINGEMENT OF PLAINTIFF'S COPYRIGHT IN THE OWL PENDANT WORK BY DEFENDANTS

The Complaint contains sufficient factual allegations to state a claim of copyright infringement against each Defendant.  Form 19 provides this example of a sufficient allegation of infringing activity: "After the copyright was issued, the defendant infringed the copyright by publishing and selling a book entitled _____, which was copied largely from the plaintiff's book. A copy of the defendant's book is attached as Exhibit B."  Form 19.  No detailed comparison of the works and no further factual details of the copying are required.

The complaint here includes the following factual allegations:

> 17.    Baden Baden delivered the Owl Pendant Work to Defendant Graham in December 2012.
>
> …
>
> 19.    Upon information and belief, Defendants have without authorization reproduced, distributed copies of, and publicly displayed the Owl Pendant Work.
>
> 20.    Upon information and belief, Defendant Graham uses the alias "champagnepapi" when posting materials on Instragram (http://instagram.com/#).
>
> 21.    Upon information and belief, in about January 2013 Defendant Graham posted photographs of unauthorized copies of the Owl Pendent Work on Instragram.  A photograph depicting unauthorized copies of the Owl Pendent Work is attached as Exhibit D.
>
> 22.    Additional photographs of unauthorized copies of the Owl Pendant Work continue to appear on Defendant Graham's Instragram page (http://instagram.com/champagnepapi#).  A print-out of that page on June 10, 2013 is attached as Exhibit E.  Copies of the photographs linked to on that page are attached as Exhibit F.

(Compl. ¶¶ 17-22.)

18

Paragraph 19 of the Complaint here contains the factual allegation that Defendants "reproduced" the Owl Pendant Work.  This is a violation of Plaintiff's exclusive right to reproduce the copyrighted work under 17 U.S.C. § 106(1).  Where the Form alleges that the defendant's work is "copied largely" from copyrighted material, Paragraph 19 simply and straightforwardly alleges that Defendants "reproduced" Plaintiff's Owl Pendant Work, and the Complaint includes photographs of those infringing copies in Exhibits D, E, and F.  The example allegation in the Form is, in essence, an allegation that the defendant created a work with its own original expression but incorporated significant amounts of plaintiff's work in it.  The Complaint here has even more direct, less conclusory allegations than that given in the Form as an example of a sufficient allegation.

Paragraph 19 also contains the factual allegation that Defendants "distributed copies of" the Owl Pendant Work.  This is a violation of Plaintiff's exclusive right to distribute copies of the copyrighted work under 17 U.S.C. § 106(3).  Not only does Paragraph 19 directly allege that Defendants, without authorization, "distributed copies of" the Owl Pendant Work, Exhibits E and F to the Complaint show various recipients wearing those infringing copies.

Paragraph 19 further contains the factual allegation that Defendants, without authorization, "publicly displayed the Owl Pendant Work."  This is a violation of Plaintiff's exclusive right to publicly display the copyrighted work under 17 U.S.C. § 106(5).[2]  Exhibits D, E, and F to the Complaint provide the photographs of the unauthorized copies that Defendants posted on the internet.  (*Id.* ¶¶ 21-22.)  These factual allegations meet the meager requirements of Form 19.

---

[2] 17 U.S.C. § 109(c) only permits public display of "a particular copy lawfully made."  Because the copies were made without Plaintiff's permission, Defendants' public display of them is not permitted.

Even disregarding the guidance provided by the Form, the Complaint's factual allegations suffice to state Plaintiff's claim against Defendants.  For example, with respect to Defendant Graham, it alleges that "in about January 2013 Defendant Graham posted photographs of unauthorized copies of the Owl Pendent Work on Instragram."  (Compl. ¶ 21.)  This factual allegation alone is sufficient to allege infringement of Plaintiff's exclusive right to publicly display the work under 17 U.S.C. § 106(5).  *See* 17 U.S.C. § 501(a) ("Anyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 … is an infringer …."); *cf. Ronald Litoff, Ltd. v. American Express Co.*, 621 F. Supp. 981, 985 (S.D.N.Y. 1985) ("Use of a photograph of a copyrighted item can constitute copyright infringement even though a photograph is undoubtedly two dimensional and the copyrighted item has three dimensions.").

In addition, the Complaint alleges that "Defendant Graham uses the alias "champagnepapi" when posting materials on Instragram," (Compl. ¶ 20), and attaches images of his "champagnepapi" Instagram page in Exhibits D, E, and F (*see id.* ¶¶ 21-22).  In particular, the photograph in Exhibit D shows that the photograph was posted to Instagram using the "champagnepapi" account, (*id.*, Ex. D), corroborating the allegation that Defendant Graham posted photographs of unauthorized copies of the Owl Pendent Work on Instragram," (*id.* ¶ 21).  These factual allegations make the claim that Defendant Graham infringed by publicly displaying the Owl Pendant Work on the internet[3] sufficiently plausible.

Without the benefit of discovery, Plaintiff cannot reasonably be expected to know with certainty the identity of the person who posted to Instagram each photograph of the unauthorized copies of the Owl Pendant Work, which is why the Complaint permissibly alleges copyright

---

[3] The Court is requested to take judicial notice that Instagram is an internet website where users can make photographs available to other internet users.

infringement by both affiliated Defendants.  The allegations that Defendants "reproduced, distributed copies of, and publicly displayed the Owl Pendant Work" without authorization, (Compl. ¶ 21), are not just "legal conclusions, devoid of any supporting facts" because, unlike the pleading in *Montblanc-Simplo GmbH v. Colibri Corp.*, 692 F. Supp. 2d 245 (E.D.N.Y. 2010), the Complaint here attaches photographs of both the Owl Pendant Work and Defendants' unauthorized reproductions.  There, the plaintiffs were faulted for "offer[ing] no photographs of the allegedly infringing products, to enable the Court to make a visual comparison of the goods.  In other words, plaintiffs' infringement allegations contain[ed] only legal conclusions, devoid of any supporting facts."  *Id.* at 257 n.6 (citing *Broughel v. Battery Conservancy*, No. 07-CV-7755 (GBD), 2009 WL 928280, at *4 (S.D.N.Y. Mar. 30, 2009) (Daniels, J.)).

In *Broughel v. Battery Conservancy*, the complaint included "twelve pages of printouts from the Conservancy's website as evidence of the substantial similarity between plaintiff's work and the allegedly infringing material," but it failed to "specify which of the images reprinted from the Conservancy's website contain[ed] infringing material."  2009 WL 928280, at * 4-5.  The Court could discern no similarities between the plaintiff's work and the "website reprints" other than those that had been first suggested by the Conservancy when engaging the plaintiff, and even those "amount[ed] to no more than scene a *faire*, the general thematic elements of the Project, not plaintiff's copyrighted creative expression."  *Id.* at 5.

In contrast, the allegations here are simple, straightforward, and sufficient to put each Defendant on notice of what they are alleged to have done: each is alleged to have made copies of the Owl Pendant Work, including the copies depicted in Exhibits D, E, and F; each is alleged to have distributed copies of the Owl Pendant Work; and each is alleged to have publicly displayed the Owl Pendant Work by posting photographs of those unauthorized copies on

Instagram.   (Compl. ¶¶ 19, 22.)   The exhibits to the Complaint provide Defendants with sufficient notice of specific similarities between Defendants' copies and Plaintiff's Owl Pendant Work, exclusive of features inherent in a generic representation of an owl.

### POINT V

### ALTERNATIVELY, PLAINTIFF SHOULD BE GIVEN LEAVE TO AMEND

In the alternative, Plaintiff should be given leave to replead to include additional facts regarding each defendant's acts of infringement.  *See, e.g.*, *Khalil v. City Coll. of City of New York*, No. 04 CV 2022 (GBD), 2005 WL 387182, at *2 (S.D.N.Y. Feb. 16, 2005) (Daniels, J.) (granting defendant's motion to dismiss while simultaneously granting plaintiff leave to amend); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("It is the usual practice upon granting a motion to dismiss to allow leave to replead.  Although leave to replead is within the discretion of the district court, refusal to grant it without any justifying reason is an abuse of discretion.")  (citations omitted).

For example, Plaintiff would allege Oliver El Khatib, who is a founder and manager of OVO, asked Mr. Raphael about pricing for ten more owl pendant chains in addition to the Owl Pendant Work.  In response Mr. Raphael informed him that the price was $27,000 each.  That exchange took place several weeks before photographs of the infringing copies appeared on Defendant Graham's Instagram page.

In addition, upon information and belief, several of the persons depicted wearing infringing copies in Exhibit F to the Complaint are employees of OVO.  Further, upon information and belief, OVO personnel, as part of their duties as OVO employees, contribute and post photographs on Defendant Graham's Instagram page, where the photographs of the Infringing Pendants were posted.  The photographs on pages 8 and 9 of Exhibit F depict

Defendant Graham wearing about a dozen of the infringing copies.  This plausibly indicates that someone other than Defendant Graham took those photographs.[4]  It is likewise plausible that one of the OVO employees depicted in the other photographs, acting in their capacity as OVO employees, took and posted the photographs of Defendant Graham wearing the infringing copies. That posting constitutes an infringing public display by OVO.  *See* 17 U.S.C. § 106(5).  Of course, the inclusion of these photographs, depicting OVO employees wearing infringing copies of the Owl Pendant Work, as exhibits to the Complaint should be sufficient to demonstrate that Plaintiff's claims against OVO are plausible as currently written.

---

[4] Likewise, pages 11 and 12 of Exhibit F clearly indicate that someone other than Defendant Graham took those photographs.  This demonstrates Defendants' practice of posting on Defendant Graham's Instagram page photos taken by others.

**CONCLUSION**

For the reasons stated above, the Complaint adequately alleges copyright infringement by each of the Defendants, and the Court should deny Defendants' motion to dismiss in its entirety.

Dated: January 10, 2014

Respectfully Submitted,

**HARRIS BEACH PLLC**

*/s/Neal L. Slifkin*
Neal L. Slifkin (Bar Roll # NS1636)
99 Garnsey Road
Pittsford, New York 14534
Phone:  (585) 419-8636
Fax:  (585) 419-8813
nslifkin@harrisbeach.com
*Attorneys for Plaintiff Baden Baden Inc.*

267729 2175455v4

24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

BADEN BADEN INC.,

       Plaintiff,

   -vs-

AUBREY DRAKE GRAHAM, and
OCTOBER'S VERY OWN MERCHANDISING
d/b/a OVO,

       Defendants.

_____

Civil Action No.
1:13-CV-05986-GBD/RLE

### CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on this 10th day of January, 2014, I electronically filed the foregoing Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

  Jeffrey M. Movit, Esq.
  Christine Lepera, Esq.
  Mitchell Silberberg & Knupp LLP
  12 East 49th Street, 30th Floor
  New York, New York  10017
  jmm@msk.com
  ctl@msk.com

  *Attorneys for Defendants*

        By: *s/Neal L. Slifkin*_____
         Neal L. Slifkin, Bar Code:  NS1636
        HARRIS BEACH PLLC
        *Attorneys for Plaintiff*
        99 Garnsey Road
        Pittsford, New York 14534
        Telephone:  585-419-8800
        Facsimile:  585-419-8813
        *nslifkin@harrisbeach.com*