**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____ :
                                          :
BADEN BADEN, INC.                         :
                                          :        Case No. 13 CV 5986 (GBD)
                         Plaintiff,       :
                                          :
        -against-                         :
                                          :
AUBREY DRAKE GRAHAM, and OCTOBER'S  :
VERY OWN MERCHANDISING d/b/a OVO,         :
                                          :
                         Defendants.      :
_____ :

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Christine Lepera
Jeffrey M. Movit
MITCHELL SILBERBERG & KNUPP LLP
12 East 49th Street, 30th Floor
New York, NY 10017
Telephone: (212) 509-3900
Facsimile:  (917) 546-7672

_Attorneys for Defendants Aubrey Drake_
_Graham and October's Very Own_
_Merchandising_

## TABLE OF CONTENTS

**Page**

I.     PRELIMINARY STATEMENT ........................................................................ 1

II.    DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IS PROPER ............................. 2

III.   PLAINTIFF ADMITS THE OWL PENDANT WORK IS A DERIVATIVE WORK ..... 3

IV.    THE OWL PENDANT WORK LACKS COPYRIGHT PROTECTION AS A
       DERIVATIVE WORK BECAUSE IT IS DEVOID OF ORIGINAL EXPRESSION ...... 4

V.     ALTERNATIVELY, PLAINTIFF SHOULD BE REQUIRED TO AMEND ITS
       COMPLAINT TO PLEAD PLAUSIBLE ALLEGATIONS ESTABLISHING
       COPYRIGHT INFRINGEMENT .................................................................... 6

VI.    CONCLUSION ......................................................................................... 10

i

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*23-34 94th St. Grocery Corp. v. New York City Bd. of Health,*
685 F.3d 174 (2d Cir. 2012)...................................................................................3

*Boarding Sch. Review, LLC v. Delta Career Educ. Corp.,*
Case No. 11 Civ. 8921, 2013 U.S. Dist. LEXIS 48513 (S.D.N.Y. Mar. 29,
2013) .........................................................................................................................3

*Boisson v. Banian, Ltd.,*
273 F.3d 262 (2d Cir. 2001)....................................................................................7

*Broughel v. Battery Conservancy,*
Case No. 07-cv-7755, 2009 U.S. Dist. LEXIS 35048 (S.D.N.Y. Mar. 30,
2009) .....................................................................................................................7, 8

*Cynthia Designs, Inc. v. Robert Zentall, Inc.,*
416 F. Supp. 510 (S.D.N.Y. 1976) .........................................................................5

*Durham Industries, Inc. v. Tomy Corp.,*
630 F.2d 905 (2d Cir. 1980)............................................................................4, 5, 6

*Effie Film, LLC v. Pomerance,*
909 F. Supp. 2d 273 (S.D.N.Y. 2012) .....................................................................3

*Fonar Corp. v. Domenick,*
105 F.3d 99 (2d Cir. 1997).......................................................................................4

*Garb v. Republic of Poland,*
440 F.3d 579 (2d Cir. 2006).....................................................................................3

*Garcia-Catalan v. United States,*
734 F.3d 100 (1st Cir. 2013).....................................................................................9

*Herbert Rosenthal Jewelry Corp. v. Honora Jewelry Co.,*
509 F.2d 64 (2d Cir. 1974)...................................................................................5, 7

*Herbert Rosenthal Jewelry Corp. v. Kalpakian,*
446 F.2d 738 (9th Cir. 1971) ...................................................................................5

i

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

*Hotel Emples. & Rest. Emples. Union, Local 100 v. City of N.Y. Dep't of Parks & Rec.*,
  311 F.3d 534 (2d Cir. 2002)..................................................................................3

*Illinois Tool Works Inc. v. Elektromanufaktur Zangenstein Hanauer GmbH & Co. KGaA*,
  Case No. 11-CV-262-JPS, 2011 U.S. Dist. LEXIS 137985 (E.D. Wisc. Nov. 30, 2011) ..............................................................................................................10

*K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*,
  714 F.3d 1277 (Fed. Cir. 2013)..............................................................................9

*Kieselstein-Cord v. Accessories by Pearl, Inc.*,
  632 F.2d 989 (2d Cir. 1980)...................................................................................5

*L. Batlin & Son, Inc. v. Snyder*,
  536 F.2d 486 (2d Cir. 1976)...................................................................................6

*Livnat v. Lavi*,
  Case No. 96 Civ. 4967, 1997 U.S. Dist. LEXIS 13633 (S.D.N.Y. Sept. 8, 1997) ....................................................................................................................8

*Medallic Art Co. v. Novus Mktg., Inc.*,
  Case No. 99 Civ. 502, 1999 U.S. Dist. LEXIS 12605 (S.D.N.Y. Aug. 16, 1999) ....................................................................................................................5

*Merit Diamond Corp. v. Frederick Goldman, Inc.*,
  376 F. Supp. 2d 517 (S.D.N.Y. 2005).....................................................................5

*Metal Morphosis, Inc. v. Acorn Media Publ., Inc.*,
  639 F. Supp. 2d 1367 (N.D. Ga. 2009) ...................................................................5

*Nat'l Bus. Dev. Servs. v. Am. Credit Educ. & Consulting, Inc.*,
  299 Fed. Appx. 509 (6th Cir. 2008)......................................................................10

*Past Pluto Productions Corp. v. Dana*,
  627 F. Supp. 1435 (S.D.N.Y. 1986).......................................................................6

*Patsy's Italian Rest., Inc. v. Banas*,
  575 F. Supp. 2d 427 (E.D.N.Y. 2008) ....................................................................3

ii

## <u>TABLE OF AUTHORITIES</u>
### <u>(continued)</u>

<u>Page(s)</u>

*Proxyconn Inc. v. Microsoft Corp.*,
    Case No. SACV 11-1681 DOC, 2012 U.S. Dist. LEXIS 70614 (C.D. Cal. May
    16, 2012) ...................................................................................................................9, 10

*Reading Int'l, Inc. v. Oaktree Capital Mgmt. LLC*,
    317 F. Supp. 2d 301 (S.D.N.Y. 2003) ......................................................................4

*Rovi Corp. v. Hulu, LLC*,
    Case No. 11-665, 2012 U.S. Dist. LEXIS 10183 (D. Del. Jan. 12, 2012) ...............10

*Scott v. WorldStarHiphop, Inc.*,
    Case No. 10 Civ. 9538, 2011 U.S. Dist. LEXIS 123273 (S.D.N.Y. Oct. 24,
    2011) ...........................................................................................................................8

*Woods v. Bourne Co.*,
    60 F.3d 978 (2d Cir. 1995) .........................................................................................6

*Wright v. Ernst & Young LLP*,
    152 F.3d 169 (2d Cir. 1998) .......................................................................................4

*Yurman Design, Inc. v. PAJ, Inc.*,
    262 F.3d 101 (2d Cir. 2001) .......................................................................................5

### OTHER AUTHORITIES

14 Moore's Federal Practice ¶ 84.02[1] (3d ed. 2012) ....................................................9

Federal Rule of Civil Procedure 84 ........................................................................9, 10

iii

# I.  <u>PRELIMINARY STATEMENT</u>

Defendants Aubrey Drake Graham ("Graham") and October's Very Own Merchandising ("OVOM") respectfully submit this Reply Brief in support of their motion to dismiss the single claim for copyright infringement in the Complaint of Plaintiff Baden Baden Inc. ("Plaintiff").

Defendants have moved to dismiss this action with prejudice on the ground that the allegedly infringed work (the "Owl Pendant Work") lacks copyright protection because it is a derivative work based upon an ancient Egyptian hieroglyph which contains no original expression.  In its Opposition, Plaintiff admits that its pendant is indeed a derivative work, but asserts several unavailing arguments to try to avoid dismissal.

For example, Plaintiff wrongly argues that the Court cannot take judicial notice of the ancient Egyptian hieroglyph merely because some of the examples of that hieroglyph which Defendants have provided this Court were taken from Internet websites.  This argument lacks merit because Defendants' examples of the ancient hieroglyph come from a variety of authoritative sources.  Even more fundamentally, the existence of the hieroglyph is a well established historical fact as to which this Court may take judicial notice on a motion to dismiss.

Plaintiff also incorrectly claims that the Owl Pendant Work has a number of purportedly "original features" which entitle the work to copyright protection.  However, as explained below, none of these "features" constitute protectable expression.  Indeed, most of these "features" (such as "variation of depth of the [owl's] features") are simply the inevitable consequence of turning a two dimensional hieroglyph into a three dimensional piece of jewelry.

Defendants also seek dismissal on the alternative ground that the Complaint does not plead specific facts establishing what elements of the Owl Pendant Work purportedly contain original, protectable expression, or **how** each Defendant allegedly infringed Plaintiff's purported

1

copyright.  In response, Plaintiff wrongly argues that its Complaint does not need to contain these details because it recites the bare elements of a copyright infringement claim set forth in Form 19 of the Appendix of Forms accompanying the Federal Rules of Civil Procedure. However, compliance with this form is no longer the standard for sufficiency of a pleading following the U.S. Supreme Court's decisions in *Twombly* and *Iqbal*.

Clearly, Plaintiff hopes to avoid dismissal – and obtain expensive and burdensome discovery from Defendants – by omitting important facts from its Complaint, which if pleaded, would doom its claim.  This is exactly the kind of tactic that the *Twombly/Iqbal* standard is designed to prevent.  Thus, if the Court does not dismiss the action with prejudice, Plaintiff should be required to amend its Complaint to plead **plausible** factual allegations regarding: (1) what elements of the Owl Pendant Work Plaintiff contends constitute original, protectable expression; and (2) how each Defendant allegedly infringed Plaintiff's purported copyright.

## II.   DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IS PROPER

Plaintiff argues that the Court should decline Defendants' request for judicial notice of the existence and appearance of the ancient Egyptian hieroglyph for the letter "M" merely because certain examples of that hieroglyph which Defendants provided to the Court as exhibits to the Declaration of Jeffrey M. Movit (the "Movit Declaration") were taken from Internet websites.  Plaintiff's argument lacks merit.

First, only some of the photos of the ancient hieroglyph provided to the Court are from websites.  As set forth in the Movit Declaration, representations of the hieroglyph come from a wide variety of authoritative sources, including the *Modern Journal of Ancient Egypt*, Joann Fletcher's book *Ancient Egypt: Life, Myth, and Art*, and *University of Chicago Magazine*.  Such authoritative works, none of which Plaintiff challenges, are plainly subject to judicial notice.

2

*See, e.g.*, *Hotel Emples. & Rest. Emples. Union, Local 100 v. City of N.Y. Dep't of Parks & Rec.*, 311 F.3d 534, 540 n.1 (2d Cir. 2002) (judicial notice of descriptions of Lincoln Center set forth in authoritative text proper); *Garb v. Republic of Poland*, 440 F.3d 579, 594 (2d Cir. 2006) (taking judicial notice of text book about Polish history); *Effie Film, LLC v. Pomerance*, 909 F. Supp. 2d 273, 300 (S.D.N.Y. 2012) ("In copyright cases, courts have recognized that they may judicially notice 'the generic elements of creative works.'") (citations omitted).

Second, even those exhibits to the Movit Declaration that come from websites are properly considered upon a request for judicial notice. *23-34 94th St. Grocery Corp. v. New York City Bd. of Health*, 685 F.3d 174, 183 n.7 (2d Cir. 2012) (taking judicial notice of a representation of a poster published on a website); *Boarding Sch. Review, LLC v. Delta Career Educ. Corp.*, Case No. 11 Civ. 8921, 2013 U.S. Dist. LEXIS 48513, *2, n.1 (S.D.N.Y. Mar. 29, 2013) ("Court generally has the discretion to take judicial notice of internet material") (citation omitted); *Patsy's Italian Rest., Inc. v. Banas*, 575 F. Supp. 2d 427, 443 n.18 (E.D.N.Y. 2008) ("It is generally proper to take judicial notice of articles and Web sites published on the Internet"). Accordingly, the Court should take judicial notice of the existence and appearance of the ancient Egyptian hieroglyph for the letter "M", as set forth in the exhibits to the Movit Declaration.

## III.   PLAINTIFF ADMITS THE OWL PENDANT WORK IS A DERIVATIVE WORK

Defendants made a compelling showing in their moving papers that Plaintiff's Owl Pendant Work is a derivative work based on the ancient Egyptian hieroglyph for the letter "M." In its Opposition, Plaintiff has not attempted to rebut or refute that showing.  Indeed, Plaintiff has **admitted** that the Owl Pendant Work is a derivative work by conceding that the purportedly original elements of the pendant are limited to some minor features as the "use of gemstones for eyes" and "the variation of depth of the features".  Opp. Mem. at 12-13.  (If the Owl Pendant

3

5811862.9

Work were a wholly original work, then the **entirety** of the pendant would constitute original expression, and not just these minor features.)

Contrary to Plaintiff's incorrect contention, the mere fact that the Owl Pendant Work was registered with the U.S. Copyright Office as a wholly original work does **not** require the Court to ignore the fact that the pendant is, in truth, a derivative work. A certificate of registration from the U.S. Copyright Office "creates no irrebuttable presumption of copyright validity. Where other evidence in the record casts doubt on the question, validity will not be assumed." *Durham Industries, Inc. v. Tomy Corp.*, 630 F.2d 905, 908 (2d Cir. 1980). *See also Fonar Corp. v. Domenick*, 105 F.3d 99, 104 (2d Cir. 1997). Unquestionably, the Owl Pendant Work is a derivative work based on a public-domain hieroglyph.

## IV.   THE OWL PENDANT WORK LACKS COPYRIGHT PROTECTION AS A DERIVATIVE WORK BECAUSE IT IS DEVOID OF ORIGINAL EXPRESSION

"[T]he only aspects of [a derivative work] entitled to copyright protection are the non-trivial, original features, if any, contributed by the author or creator of these derivative works." *Durham Industries, Inc.*, 630 F.2d at 908. Although Plaintiff's Opposition sets forth a list of purportedly "original features" of the Owl Pendant Work, **none** of these features, even had they been pleaded[1], constitute original expression as a matter of law. The majority of these so-called "original features" are simply consequences of turning a two dimensional hieroglyph into a three dimensional work (such as the "use of gemstones for eyes", the "curvatures of the surfaces", the "texture" of the work, and the "different reflectivity of various portions of the owl"). *Durham Industries, Inc.*, 630 F.2d at 910 ("even though the adaptation of the preexisting works to this

---

[1] None of these purportedly "original features" are set forth in Plaintiff's Complaint. Unpleaded assertions made in a brief are insufficient to remedy deficiencies in the Complaint. *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998); *Reading Int'l, Inc. v. Oaktree Capital Mgmt. LLC*, 317 F. Supp. 2d 301, 318 n.9 (S.D.N.Y. 2003).

4

medium undoubtedly involved some degree of manufacturing skill, does not constitute originality as this Court has defined the term.").  The remainder of these purported "original features" are merely the basic biological features of an owl (such as feathers).  *Herbert Rosenthal Jewelry Corp. v. Honora Jewelry Co*., 509 F.2d 64, 66 (2d Cir. 1974) (jewelry design which "merely conforms to the normal shape of the turtle's back and the pattern of its vertebrae segments" is not original expression);  *Herbert Rosenthal Jewelry Corp. v. Kalpakian*, 446 F.2d 738, 742 (9th Cir. 1971) (bee pin unprotectable, where there "is no greater similarity between the pins of plaintiff and defendants than is inevitable from the use of jewel-encrusted bee forms in both.").[2]  Thus the Owl Pendant Work lacks copyright protection.[3]

Plaintiff attempts to distinguish this case from *Durham Industries, Inc.*, because "*Durham* involved three-dimensional toys that were 'instantly recognizable as the Disney Characters

---

[2] Plaintiff's citations to other jewelry cases are easily distinguishable.  For instance, in *Kieselstein-Cord v. Accessories by Pearl, Inc.*, 632 F.2d 989 (2d Cir. 1980), the Second Circuit explicitly held that "no claim has been made that the appellant's work here in question lacks originality or creativity, elements necessary for copyrighting works of arts."  *Id.* at 991.  In *Cynthia Designs, Inc. v. Robert Zentall, Inc.*, 416 F. Supp. 510 (S.D.N.Y. 1976), the court explicitly found "artistic craftsmanship" in original features other than the t-shirt itself, such as slitting to give a natural appearance, and the particular design of the sleeves.  *Id.* at 512-513.  In *Merit Diamond Corp. v. Frederick Goldman, Inc.*, 376 F. Supp. 2d 517 (S.D.N.Y. 2005), plaintiff had explicitly alleged six features that it claimed were original and protected.  *Id.* at 519-520.  *Medallic Art Co. v. Novus Mktg., Inc.*, Case No. 99 Civ. 502, 1999 U.S. Dist. LEXIS 12605, *3-4 (S.D.N.Y. Aug. 13, 1999) expressly held that there were creative elements, although did not recite the details.  *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101 (2d Cir. 2001) featured a distinctive intertwining of four materials to create unique bracelets.  Although those materials had been previously used, the recasting and arrangement of those elements in relation to one another created a separate creative work, unlike the "features" here, which were nothing more than the consequence of turning a two dimensional hieroglyph into a three dimensional piece of jewelry.  Similarly, in *Metal Morphosis, Inc. v. Acorn Media Publ., Inc*., 639 F. Supp. 2d 1367, 1374 (N.D. Ga. 2009), the court explicitly found numerous distinct creative features, noting "[t]he Plaintiff's bird's nest is wide and shallow. Twigs are incorporated into the nest, but not smoothly throughout.  Instead, they run more like veins across the inside bowl that highlight the eggs. This layout of the twigs may be rather obvious, but it is also somewhat unnatural. Atop the twigs are three eggs in nest - two that are off-white and one that is more lavender."  *Id.* at 1374.  Again, Plaintiff here has failed to allege any independently original features, and even were the Court to consider those referenced in Plaintiff's Opposition, those "features" are merely the inevitable consequence of turning a two dimensional hieroglyph into a three dimensional piece of jewelry.

[3] Plaintiff's argument that its work need not contain novel expression to enjoy copyright protection, as long as it contains expression which is original to the Plaintiff, misses the mark entirely.  As explained above, the purportedly "original features" of the Owl Pendant Work entirely lack originality (let alone novelty).

5

Mickey Mouse, Donald Duck and Pluto Dog.'"  Opp. Mem. at 14.  Yet the exact same can be said about Plaintiff's work, which is instantly recognizable (to those familiar with hieroglyphs) as the hieroglyph representing the letter "M."  *See also Past Pluto Productions Corp. v. Dana*, 627 F. Supp. 1435, 1441 (S.D.N.Y. 1986) (foam crown based upon Statue of Liberty's crown not protected); *L. Batlin & Son, Inc. v. Snyder*, 536 F.2d 486, 491 (2d Cir. 1976) (considerably higher degree of skill is required, true artistic skill, to make reproduction copyrightable).

Plaintiff also seeks to avoid application of the rule in *Durham* by claiming that *Durham* presented "special concerns because a copyright in the three-dimensional figures, which were licensed derivative works of Disney's characters, could have prevented Disney from licensing others to make similar derivative works."  Opp. Mem. at 14.  However, Plaintiff ignores similarly well-established policy concerns against allowing broad copyright protection for derivative works of public domain works.  *L. Batlin & Son, Inc.*, 536 F.2d at 492 ("To extend copyrightability to minuscule variations would simply put a weapon for harassment in the hands of mischievous copiers intent on appropriating and monopolizing public domain work."); *Woods v. Bourne Co.*, 60 F.3d 978, 990 (2d Cir. 1995) ("there must be 'sufficiently gross difference between the underlying and the derivative work to avoid entangling subsequent artists depicting the underlying work in copyright problems'") (quoting *Gracen v. Bradford Exchange*, 698 F.2d 300, 305 (7th Cir. 1983)).  The concerns expressed in *L. Batlin & Son, Inc.* and *Woods* are patently present here.  Thus, the Complaint should be dismissed with prejudice because Plaintiff's allegedly infringed work lacks copyright protection.

## V.     ALTERNATIVELY, PLAINTIFF SHOULD BE REQUIRED TO AMEND ITS COMPLAINT TO PLEAD PLAUSIBLE ALLEGATIONS ESTABLISHING COPYRIGHT INFRINGEMENT

As set forth above, the Complaint should be dismissed with prejudice on the ground that

the Owl Pendant Work lacks copyright protection.  In the alternative, Plaintiff should be required

to amend its Complaint to plead **plausible** factual allegations regarding: (1) what elements of the

Owl Pendant Work Plaintiff contends constitute original, protectable expression; and (2) how

each Defendant allegedly infringed Plaintiff's purported copyright.

     *First,* it is incumbent on Plaintiff to plead what original aspects of the Owl Pendant Work

it claims are protected.  *See Honora Jewelry Co.*, 509 F.2d at 65 ("The threshold question is what

characteristics of appellant's design have gained copyright protection."); *Boisson v. Banian, Ltd.*,

273 F.3d 262, 268 (2d Cir. 2001) ("Simply because a work is copyrighted does not mean every

element of that work is protected.").  Plaintiff admits it failed to plead these aspects, and instead

merely asserts technical arguments that "specific pleading is not required".   Opp. Mem. at 12.

Plaintiff's assertion that it is not required to plead the existence and delineation of any such non-

trivial original features renders the Complaint meaningless.  Without knowledge of what Plaintiff

claims is protected, it is impossible for Defendants or the Court to analyze whether infringement

has occurred.  *See*, *e.g.*, *Broughel v. Battery Conservancy*, Case No. 07-cv-7755, 2009 U.S. Dist.

LEXIS 35048, *11, 12 (S.D.N.Y. Mar. 30, 2009) (Daniels, J.) ("it is axiomatic that plaintiff's

claims cannot rest on inchoate and conclusory accusations of unauthorized copying.").

     *Second*, Plaintiff's Complaint also improperly fails to explain ***how*** each Defendant

allegedly infringed Plaintiff's purported copyright.  As to defendant Graham, the Complaint

merely alleges that he posted photographs of "unauthorized copies" of the Owl Pendant Work to

the Instagram social network.  Compl. ¶¶ 21-22.  The Complaint does not specify what

protectable elements of Plaintiff's Owl Pendant Work were used without authorization in these

alleged "unauthorized copies."  Rather, the Complaint merely attaches photographs of other owl

7

pendants, which also appear to be derivative of the public domain hieroglyph, and which do not provide Graham with adequate notice of how Plaintiff claims he allegedly infringed its copyright. *Broughel*, 2009 U.S. Dist. LEXIS 35048 at *11, 12 ("in articulating her cause of action, plaintiff must identify, with specificity, the original works that are the subject of her copyright claim and which acts committed by defendants constitute infringement of her rights."); *Scott v. WorldStarHiphop, Inc.*, Case No. 10 Civ. 9538, 2011 U.S. Dist. LEXIS 123273, *24 (S.D.N.Y. Oct. 24, 2011) ("'it is axiomatic that plaintiff's claims cannot rest on inchoate and conclusory accusations of unauthorized copying.'") (citation omitted).

  As to OVOM, the Complaint's sole allegation is that "Upon information and belief, Defendants have without authorization reproduced, distributed copies of, and publicly displayed the Owl Pendant Work." Compl. ¶ 19. Plaintiff does not define any action OVOM purportedly took that constitutes infringement. *Livnat v. Lavi*, Case No. 96 Civ. 4967, 1997 U.S. Dist. LEXIS 13633, *6 (S.D.N.Y. Sept. 8, 1997) ("allegation of causation as to [one party] is not rendered sufficient merely by lumping those defendants together with [another party], who was directly responsible for the publication of the photographs"). Plaintiff seemingly concedes there are no facts supporting infringement by OVOM, asserting in its Opposition that "Defendants" took certain actions which are solely attributed to Graham in the Complaint. Opp. Mem. at 19.[4]

  In its Opposition, Plaintiff argues that its Complaint should be considered exempt from the "plausibility" standard in *Twombly* and *Iqbal* simply because it recites the bare elements of an alleged copyright infringement claim set forth in Form 19 of the Appendix of Forms

---

[4] On pages 22 and 23 of its Opposition Brief, Plaintiff sets forth unpleaded allegations (including regarding the alleged identities and purported job responsibilities of alleged employees of OVOM) which Plaintiff claims that it would assert "upon information and belief" in an amended complaint. However, none of these purported facts, even if true, would establish an act of copyright infringement by either of the Defendants.

accompanying the Federal Rules of Civil Procedure ("Form 19").  Opp. Mem. at 4-6.  To support this argument, Plaintiff cites three out-of-circuit cases – none of which are copyright infringement cases.  *Id.* at 10.  Plaintiff argues that these few cases should lead this Court to find that under Federal Rule of Civil Procedure 84, any complaint which repeats the barebone elements set forth in Form 19 cannot be dismissed for failure to state a claim.  *Id.*  Nonsense.

Form 19 has not been updated since the Supreme Court issued *Twobly* and *Iqbal*.  *See* Fed. R. Civ. P., app., Form 19 (added Apr. 30, 2007); 14 Moore's Federal Practice ¶ 84.02[1] (3d ed. 2012) ("[T]he Supreme Court's decisions have cast doubt on the continued viability of the complaints included in the Appendix of Forms.").[5]  Thus, even the cases cited by Plaintiff make clear that a complaint only survives "as long as there are sufficient facts alleged in the complaint to make the claim plausible."  *Garcia-Catalan v. United States*, 734 F.3d 100, 104 (1st Cir. 2013); *see also K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013) *cert. denied DIRECTV v. K-Tech Telecomms., Inc.*, 2014 U.S. Lexis 993 (Jan. 27, 2014). ("an implausible claim for patent infringement rightly should be dismissed.").

Plaintiff's position also ignores compelling authority from multiple courts which hold that compliance with the forms is no longer the standard for sufficiency of a pleading and that complaints must now satisfy the standard set forth in *Twombly* and *Iqbal*.  For example, in *Proxyconn Inc. v. Microsoft Corp.*, Case No. SACV 11-1681 DOC, 2012 U.S. Dist. LEXIS 70614 at *9-10 (C.D. Cal. May 16, 2012), similar to here, the plaintiff argued, in response to a motion to dismiss, that its compliance with the requirements of Form 18 for its patent

---

[5] Plaintiff disingenuously states that "Form 19 was added and the most recent amendment to Rule 84 became **effective** on December 1, 2007, six months after *Twombly* was decided." Opp. Mem. at 5.  However, while Rule 84 became **effective** after *Twombly* was decided, it was **added** on April 30, 2007, approximately three weeks prior to the Supreme Court issuing its decision.

9

infringement claims immunized it from the "plausibility" standard of *Twombly* and *Iqbal*.  *Id.* at

*11.  The court held that Rule 84 provides no such protection, found the plaintiff's complaint

inadequate under the "plausibility" standard, and granted the defendant's motion to dismiss.  *Id.*;

*see also Rovi Corp. v. Hulu, LLC*, Case No. 11-665, 2012 U.S. Dist. LEXIS 10183 at *7, 8 (D.

Del. Jan. 12, 2012) (applying *Iqbal/Twombly* standard); *Illinois Tool Works Inc. v.

Elektromanufaktur Zangenstein Hanauer GmbH & Co. KGaA*, Case No. 11-CV-262-JPS, 2011

U.S. Dist. LEXIS 137985 at *6 (E.D. Wisc. Nov. 30, 2011) (same).[6]

## VI.    CONCLUSION

Defendants respectfully request that Plaintiff's Complaint be dismissed with prejudice.

In the alternative, Plaintiff should be required to amend its Complaint to plead **plausible** factual

allegations regarding: (1) what elements of the Owl Pendant Work Plaintiff contends constitute

original, protectable expression; and (2) how each Defendant allegedly infringed Plaintiff's

purported copyright.

Dated:  New York, New York
           January 31, 2014                          MITCHELL SILBERBERG & KNUPP LLP

                                                     By:  ___/s/ Christine Lepera_____
                                                          Christine Lepera (ctl@msk.com)
                                                          Jeffrey M. Movit  (jmm@msk.com)
                                                          12 East 49th Street, 30th Floor
                                                          New York, NY 10017
                                                          Tel: (212) 509-3900; Fax: (212) 509-7239

                                                          *Attorneys for Defendants*

---

[6] The "plausibility" standard for assessing the sufficiency of pleadings is particularly important in copyright infringement actions, which lend themselves to abusive litigation.  *See Nat'l Bus. Dev. Servs. v. Am. Credit Educ. & Consulting, Inc.*, 299 Fed. Appx. 509, 512 (6th Cir. 2008) ("Copyright infringement, like anti-trust actions, lends itself readily to abusive litigation, since the high cost of trying such a case can force a defendant who might otherwise be successful in trial to settle in order to avoid the time and expenditure of a resource intensive case. Therefore, greater particularity in pleading, through showing 'plausible grounds,' is required.").