UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BADEN BADEN, INC. <br><br> Plaintiff, <br><br> -against- <br><br> AUBREY DRAKE GRAHAM, and OCTOBER'S VERY OWN MERCHANDISING d/b/a OVO, <br><br><br> Defendants. <br><br> AUBREY DRAKE GRAHAM and OCTOBER'S VERY OWN MERCHANDISING, <br><br> Counterclaim Plaintiffs, <br><br> -against- <br><br> BADEN BADEN, INC., <br><br> Counterclaim Defendant, <br><br> -and- <br><br> MICHAEL RYAN RAPHAEL, <br><br> Additional Counterclaim Defendant. | Case No. 13 CV 5986 (GBD) <br><br> **DEFENDANTS AUBREY DRAKE GRAHAM AND OCTOBER'S VERY OWN MERCHANDISING AMENDED ANSWER AND COUNTERCLAIM** <br><br> <u>**JURY TRIAL DEMANDED**</u> |

Defendants Aubrey Drake Graham ("Graham") and October's Very Own Merchandising ("OVOM") (collectively, the "Defendants"), hereby answer Baden Baden, Inc.'s ("Plaintiff") Complaint ("Complaint") as follows:

5975447.1

## ANSWER

1. Defendants admit Paragraph 1 to the extent that this is a Civil Action for an alleged copyright infringement and Plaintiff seeks relief under United States Copyright Act, 17 U.S.C. § 101, *et seq*.

## PARTIES

2. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 2.

3. Defendants deny the allegations contained within Paragraph 3 of the Complaint.

4. Defendants deny the allegations contained within Paragraph 4 of the Complaint, except Defendants admit Graham is a resident of California.

5. Defendants admit the allegations contained within Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. Defendants admit the allegations contained within Paragraph 6 of the Complaint.

7. Defendants admit that this Court has subject matter jurisdiction but deny that Plaintiff is entitled to damages in excess of $75,000, or any other amount.

8. Defendants deny the allegations contained within Paragraph 8 of the Complaint, except admit that Defendants are not asserting a defense of lack of personal jurisdiction.

9. Defendants deny the allegations contained within Paragraph 9 of the Complaint, except Defendant Graham admits that this Court has personal jurisdiction over him for this action.

10. Defendants deny the allegations contained within Paragraph 10 of the Complaint, except Defendant OVOM admits that this Court has personal jurisdiction over it for this action.

11.     Defendants admit the allegations contained within Paragraph 11 of the Complaint.

## FACTUAL BACKGROUND

12.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 12.

13.     Defendants deny the allegations contained within Paragraph 13 of the Complaint, except admit that Plaintiff has attached a photograph as Exhibit A to the Complaint, which document speaks for itself.

14.     Defendants deny the allegations contained within Paragraph 14 of the Complaint to the extent they allege any valid copyright in the "Owl Pendant Work," but admit that a copyright registration in an "OWL Pendant" in the name of Michael Ryan Raphael as a non-work-for-hire-author is attached as Exhibit B to the Complaint, which document speaks for itself.

15.     Defendants deny that the Owl Pendant Work is subject to copyright protection. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 15 of the Complaint.

16.     Defendants deny the allegations contained within Paragraph 16 of the Complaint, except Defendants admit an owl pendant was delivered.

17.     Defendants deny the allegations within Paragraph 17 of the Complaint, but admit an owl pendant was delivered.

18.     Defendants deny the allegations contained in Paragraph 18 of the Complaint, except admit that Plaintiff has attached an unaddressed "invoice" as Exhibit C to the Complaint, which document speaks for itself.

19.     Defendants deny the allegations contained within Paragraph 19 of the Complaint.

3

20. Defendants deny the allegations contained within Paragraph 20 of the Complaint, except admits that "champagnepapi" is used by Graham on the social media site Instagram.

21. Defendants deny the allegations contained within Paragraph 21 of the Complaint, except admit that Plaintiff attaches copies of documents that speak for themselves.

22. Defendants deny the allegations contained within Paragraph 22 of the Complaint, except admit that Plaintiff attaches copies of documents that speak for themselves.

## COUNT I

23. Defendants repeat and incorporate herein by reference each and every response contained in Paragraphs 1 through 22, as though fully set forth herein.

24. Defendants deny the allegations contained within Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained within Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained within Paragraph 26 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Without waiving or excusing the burden of proof of Plaintiff, or admitting that Defendants have any burden of proof, Defendants assert the following affirmative and other defenses.

## FIRST DEFENSE

The Complaint and any purported claims for relief therein fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff has no standing to assert its Complaint and any claims therein.

**THIRD DEFENSE**

Plaintiff is not an author of the allegedly copyrighted work that is the subject of this Complaint.

**FOURTH DEFENSE**

The Complaint and any purported claims for relief therein are barred, precluded, and/or limited by statute of limitations.

**FIFTH DEFENSE**

The alleged copyrighted work that is subject of this Complaint consists of material that is not original, and does not constitute protectable copyrightable subject matter.

**SIXTH DEFENSE**

Plaintiff's Complaint and any claims therein are barred, precluded, and/or limited by the doctrines of waiver, laches, and estoppel.

**SEVENTH DEFENSE**

Plaintiff's Complaint and any claims therein are barred, precluded, and/or limited to the extent any alleged use of Plaintiff's allegedly copyrightable material constitutes fair use or *de minimis* use.

**EIGHTH DEFENSE**

Plaintiff's alleged damages, if any, are due solely to acts and omissions that are not those of and are independent from the Defendants.

**NINTH DEFENSE**

Plaintiff has failed to mitigate any alleged damages.

**TENTH DEFENSE**

Plaintiff's Complaint and any claims therein are barred on the grounds of implied license.

**ELEVENTH DEFENSE**

Plaintiff's Complaint and any claims therein are barred by the doctrine of acquiescence and unclean hands.

**TWELFTH DEFENSE**

Plaintiff's Complaint and any claims therein are barred on the grounds of unjust enrichment.

**THIRTEENTH DEFENSE**

Plaintiff's Complaint and any claims therein are barred on the grounds that Plaintiff and its purported employee Michael Raphael agreed that any designs commissioned by Defendant OVOM would be OVOM's intellectual property and fraudulently induced OVOM to enter into a consulting agreement with it based upon said materially false representation.

**FOURTEENTH DEFENSE**

On information and belief, Plaintiff's Complaint and any claims therein are barred on the grounds that Plaintiff and its purported employee Michael Raphael committed fraud on the Copyright Office in connection with the copyright application for the Owl Pendant Work by willfully omitting the derivative nature of the Owl Pendant Work and the identity of the prior work in the public domain from which this work was derived. Plaintiff and Michael Raphael knew at the time the application was submitted that the Owl Pendant Work was derived from the ancient Egyptian hieroglyph for the letter "M" (which is a work in the public domain) and that the Owl Pendant Work is devoid of original expression. Had this information been disclosed to

6

the Copyright Office, the Copyright Office would have rejected Plaintiff's registration application for the Owl Pendant Work.

**WHEREFORE**, Defendants pray that Plaintiff take nothing by its Complaint, and that Defendants be awarded their costs, including reasonable attorneys' fees incurred in the defense of this action, pursuant to 17 U.S.C. § 505 and for any other relief the Court deems just and proper.

### COUNTERCLAIM BY DEFENDANTS OCTOBER'S VERY OWN MERCHANDISING AND AUBREY DRAKE GRAHAM

As and for their Counterclaim against Plaintiff/Counterclaim Defendant Baden Baden, Inc. ("Baden Baden") and Additional Counterclaim-Defendant Michael Raphael ("Raphael") (collectively, the "Raphael Parties"), Defendant October's Very Own Merchandising ("OVOM") and Defendant Aubrey Drake Graham ("Graham") (collectively, "Defendants") state as follows:

### THE PARTIES

1.  OVOM is a partnership formed under the laws of the Province of Ontario, Canada with a principal place of business in Toronto, Ontario, Canada.

2.  Graham is an individual residing in the State of California.

3.  Upon information and belief, Baden Baden is a corporation duly organized and existing under the laws of the State of New York, with a principal place of business at 60 Orchard Street, #6, New York, New York.

4.  Upon information and belief, Raphael is an individual residing in the State of New York.

7

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1367(a), 28 U.S.C. § 1338 and 28 U.S.C. § 2201.

6. Venue is proper in this district because this action was commenced by Baden Baden in the Southern District of New York; because Baden Baden is subject to personal jurisdiction in the Southern District of New York; and because a substantial part of the events and/or omissions giving rise to the claims herein occurred in the Southern District of New York.

7. Venue is also proper in this district because Raphael alleges that he resides in the Southern District of New York; and because a substantial part of the events and/or omissions giving rise to the claims herein occurred in the Southern District of New York.

## PRELIMINARY STATEMENT

8. In this action, Baden Baden has asserted a single, meritless claim against Defendants for alleged copyright infringement of the design embodied in an owl pendant which the Raphael Parties delivered to Graham (hereafter, the "Owl Pendant Work"). This claim is entirely without merit and constitutes a disingenuous attempt to obtain unwarranted, windfall revenues from prominent defendants following the lawful termination of the parties' business relationship.

9. Contrary to the Raphael Parties' wrongful assertions, the Owl Pendant Work is not entitled to copyright protection because its design was copied from a work in the public domain (the ancient Egyptian hieroglyph for the letter "M"), and it is devoid of any expression original attributable to the Raphael Parties. Accordingly, Defendants seek a declaratory judgment that the Owl Pendant Work is not entitled to copyright protection.

8

10. In the unlikely event that the Owl Pendant Work is found to be copyrightable, Defendants seek, as alternative relief, a declaration that: (a) OVOM owns the copyright in, or possesses the right, to reproduce, distribute, or publicly display, the Owl Pendant Work; and/or (b) the Raphael Parties are estopped from challenging Defendants' right to exploit the Owl Pendant Work.[1]

## STATEMENT OF FACTS

### A. The Parties' Former Working Relationship

11. In 2012, the Raphael Parties maintained a working relationship with OVOM, pursuant to which the Raphael Parties created various designs for OVOM, and in exchange received substantial compensation in the amount of $39,583/month based upon the parties' mutual understanding that, *inter alia*, OVOM would own all intellectual property rights in those designs. If the Raphael Parties had informed Defendants at that time that they would later assert copyright ownership of those designs, OVOM would not have maintained a business relationship with the Raphael Parties, and certainly would not have paid them compensation in the amount of $39,583/month.

---

1 Upon information and belief, Raphael has also obtained a copyright registration in another work entitled "Digital Owl". Defendants have requested, but have not yet received, a copy of the Digital Owl from the Raphael Parties in discovery. At this time, Defendants are informed and believe that the Digital Owl may constitute another copy of the ancient Egyptian hieroglyph for the letter "M", and/or another design delivered to Defendants by the Raphael Parties during the course of the business relationship between the parties. Accordingly in this Counterclaim, Defendants also seek the same declaratory relief set forth in Paragraphs 9 and 10 above with respect to the Digital Owl based upon Defendants' current information and belief.

**B.     The Raphael Parties Have No Copyright Interest in the Owl Pendant Work**

12.     In or about December 2012, a copy of the Owl Pendant Work was delivered by the Raphael Parties during the pendency of the Raphael Parties' business relationship with OVOM.  The design of the Owl Pendant Work is one of the designs which the Raphael Parties represented would be owned by OVOM.

13.     Nonetheless, upon information and belief, on or about January 1, 2013, Raphael wrongfully filed a copyright registration application with the U.S. Copyright Office for the Owl Pendant Work.  Notably, prior to the filing of the above-captioned lawsuit, neither Raphael nor Baden Baden informed the Defendants of their claimed copyright ownership of the Owl Pendant Work.  Upon information and belief, Raphael falsely claimed on his copyright registration application that the Owl Pendant Work was original, and failed to inform the Copyright Office that it was derived from the ancient Egyptian hieroglyph for the letter "M".  Upon information and belief, the Copyright Office subsequently issued Registration No. VA0001858166 for the Owl Pendant Work to Raphael.

14.     Upon information and belief: (a) Raphael intentionally omitted from his copyright application the fact that he did not create the Owl Pendant Work, and intentionally failed to disclose the public domain work from which the Owl Pendant Work was derived; (b) the Owl Pendant Work is not eligible for copyright protection because it consists of material that is not original, and does not constitute protectable copyrightable subject matter; and (c) any attempt to enforce an alleged copyright in the Owl Pendant Work is barred due to the intentional omission of material facts in the copyright application for the Digital Owl Work.

15. Following the issuance of Registration No. VA0001858166, the Raphael Parties claim to have submitted a purported "correction" to his application for the Owl Pendant Work, designating it as an alleged "work for hire" and stating that the purported author of the work is Baden Baden. However, according to the website of the Copyright Office, as of the date of this Counterclaim, Raphael (and not Baden Baden) remains the purported owner and author of record for Registration No. VA0001858166.

### C. Raphael's Copyright Registration in the Digital Owl Work Is Potentially Void and Wrongfully Obtained

16. Upon information and belief, on or about March 26, 2013, Raphael filed an additional copyright registration with the Copyright Office for a work entitled "Digital Owl" (herein referred to as the "Digital Owl Work"), and obtained Registration No. VA0001867056 for that work. Although Defendants are awaiting the Raphael Parties' production of the Digital Owl Work in discovery, at this time, Defendants are informed and believed that the Digital Owl Work may be a two-dimensional copy of the ancient Egyptian hieroglyph for the letter "M" which was not created by the Raphael Parties. If this is indeed the case, then, upon information and belief: (a) Raphael intentionally omitted from his copyright application the fact that he did not create the Digital Owl Work, and intentionally failed to disclose the public domain work from which the Digital Owl Work was derived; (b) the Digital Owl Work is not eligible for copyright protection because it consists of material that is not original, and does not constitute protectable copyrightable subject matter; and (c) any attempt to enforce an alleged copyright in the Digital Owl Work is barred due the intentional omission of material facts in the copyright application for the Digital Owl Work.

17. In the unlikely event that the Digital Owl Work is found to be copyrightable, then, upon information and belief: (a) OVOM owns the copyright in, or possesses the right, to reproduce, distribute, or publicly display, the Digital Owl Work; and/or (b) the Raphael Parties are estopped from challenging Defendants' right to exploit the Digital Owl Work.

## CAUSES OF ACTION

### COUNT I
### DECLARATORY JUDGMENT

(28 U.S.C. §2201)

18. Defendants repeats and realleges the allegations set forth in Paragraphs 1 through 17, as if they were fully set forth herein.

19. Defendants seek adjudication of an actual controversy arising under the Copyright Act, in connection with Baden Baden's purported copyright claim to the Owl Pendant Work. Defendants seek the Court's declaration that the Copyright Act does not bestow upon Baden Baden the rights it has asserted in the Owl Pendant Work.

20. Defendants seek adjudication of an actual controversy arising under the Copyright Act, in connection with Raphael's and/or Baden Baden's purported copyright claim to the Digital Owl Work. Defendants seek the Court's declaration that the Copyright Act does not bestow upon Raphael and/or Baden Baden the rights it has asserted in the Digital Owl Work.

21. If declaratory relief is not granted, Raphael and Baden Baden will continue to wrongfully assert the exclusive copyrights to these works.

22. Defendants therefore request a declaration that:

      a)      Raphael does not own the copyright to, or possess the exclusive right to reproduce, distribute, or publicly display the Owl Pendant Work;

      b)      Raphael does not own the exclusive right to demand or grant a license for the Owl Pendant Work;

      c)      Baden Baden does not own the copyright to, or possess the exclusive right to reproduce, distribute, or publicly display, the Owl Pendant Work;

      d)      Baden Baden does not own the exclusive right to demand or grant a license for the Owl Pendant Work;

      e)      The Owl Pendant Work consists of material that is not original, and does not constitute protectable copyrightable subject matter.

      f)      Raphael does not own the copyright to, or possess the exclusive right to reproduce, distribute, or publicly display the Digital Owl Work;

      g)      Raphael does not own the exclusive right to demand or grant a license for the Digital Owl Work;

      h)      Baden Baden does not own the copyright to, or possess the exclusive right to reproduce, distribute, or publicly display, the Digital Owl Work;

      i)      Baden Baden does not own the exclusive right to demand or grant a license for the Digital Owl Work;

      j)      The Digital Owl Work consists of material that is not original, and does not constitute protectable copyrightable subject matter.

23.    Alternatively, if the Digital Owl Work and/or the Owl Pendant Work is found to constitute protectable copyrightable subject matter, Defendants request a declaration that:

a) OVOM owns the copyright in, or possesses the right, to reproduce, distribute, or publicly display, the Owl Pendant Work; and/or the Raphael Parties are estopped from challenging Defendants' right to exploit the Owl Pendant Work; and

b) OVOM owns the copyright in, or possesses the right, to reproduce, distribute, or publicly display, the Digital Owl Work; and/or the Raphael Parties are estopped from challenging Defendants' right to exploit the Digital Owl Work.

## COUNT II
## RELIEF UPON ENTRY OF DECLARATORY JUDGMENT

(28 U.S.C. §2202)

24. Defendants repeat and reallege the allegations set forth in Paragraphs 1 through 23, as if they were fully set forth herein.

25. 28 U.S.C. §2202 empowers this Court to grant, "necessary or proper relief based on a declaratory judgment or decree … after reasonable notice and hearing, against any adverse party whose rights may have been determined by such judgment."

26. Defendants seek relief as follows:

a) an injunction to prevent Raphael and/or Baden Baden from making further representations of ownership in the Digital Owl Work and/or the Owl Pendant Work.

b) such other further and proper relief as this Court sees fit.

**WHEREFORE**, Defendants demand judgment against Raphael and Baden Baden as follows:

A.  awarding Defendants the declaratory relief set forth in Count I above;

C.  permanently enjoining Raphael and Baden Baden from asserting copyrights in the Digital Owl Work and/or the Owl Pendant Work;

D.  awarding Defendants reasonable attorneys' fees and costs; and

E.  granting other and further relief as the Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Defendants demand a trial by jury of all claims in Plaintiff's Complaint and Defendants' Counterclaim that are so triable.

Dated: New York, New York

March 25, 2014

MITCHELL SILBERBERG & KNUPP LLP

By: ___/s/ Jeffrey M. Movit_____
Christine Lepera (ctl@msk.com)
Jeffrey M. Movit (jmm@msk.com)
12 East 49th Street, 30th Floor
New York, NY 10017
Tel: (212) 509-3900; Fax: (212) 509-7239

*Attorneys for Defendants*