UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

BADEN BADEN INC.,

                Plaintiff,

   -vs-                                                            Civil Action No. 13-cv-5986 (GBD)

AUBREY DRAKE GRAHAM, and
OCTOBER'S VERY OWN MERCHANDISING
d/b/a OVO,

                Defendants.
_____

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS**

                                                          HARRIS BEACH PLLC
                                                          Neal L. Slifkin, Bar Code: NS1636
                                                          *Attorneys for Plaintiff*
                                                          99 Garnsey Road
                                                          Pittsford, New York 14534
                                                          Telephone: 585-419-8800
                                                          Facsimile: 585-419-8813
                                                          *nslifkin@harrisbeach.com*

# TABLE OF CONTENTS

| | Page |
|---|---|
| PRELIMINARY STATEMENT AND SUMMARY OF ARGUMENT | 1 |
| STATEMENT OF FACTS | 2 |
| ARGUMENT | 4 |
| POINT I | 4 |
|     APPLICABLE STANDARD OF REVIEW | 4 |
| POINT II | 5 |
|     DEFENDANTS' COUNTERCLAIMS ASSERTING COPYRIGHT OWNERSHIP SHOULD BE DISMISSED BECAUSE DEFENDANTS DID NOT PLEAD FACTS SUPPORTING THOSE CLAIMS | 5 |
|     A.    Defendants Have Failed To Plead Facts Sufficient to Establish Ownership of Either the Owl Pendant Work or the Digital Owl Work as a Work-Made-For-Hire | 5 |
|     B.    Defendants Have Not Pled Facts Sufficient to Establish Ownership of Either the Owl Pendant Work or the Digital Owl Work by Assignment | 10 |
| POINT III | 10 |
|     THE COURT SHOULD DISMISS DEFENDANTS' COUNTERCLAIMS AS ASSERTED AGAINST MR. RAPHAEL | 10 |
| CONCLUSION | 12 |

## **PRELIMINARY STATEMENT AND SUMMARY OF ARGUMENT**

Plaintiff Baden Baden commenced this action to remedy Defendants' infringement of Plaintiff's copyright to an "Owl Pendant Work." Defendants' motion to dismiss Plaintiff's claims was denied by this Court. After issue was joined, Defendants amended their answer to assert ownership of the copyrights to the Owl Pendant Work and another work, the "Digital Owl Work."

Defendants' newly created counterclaims asserting rights in the Owl Pendant Work and the Digital Owl Work should be dismissed because they fail to allege a plausible set of facts entitling them to relief relating to the ownership of the copyrights.[1] Defendants have not alleged that they authored either work, nor have they alleged facts that would demonstrate that either work constitutes a "work-made-for-hire" under 17 U.S.C. § 101 or was assigned under 17 U.S.C. § 204.

The work-made-for-hire doctrine vests ownership in "the employer or other person for whom the work is prepared," 17 U.S.C. § 201(b), only if (1) the work was created by an employee acting within the scope of his employment; or (2) the work was specially commissioned, falls within a category specified in the statute, *and* there is a signed, written agreement providing that it is a work-made-for-hire, *id.* § 101. Transferring ownership of a copyright requires a written assignment signed by the owner under 17 U.S.C. § 204. Defendants have not alleged facts showing ownership of the copyright under either provision: they admit that Mr. Raphael was not their employee when the works were made, and no signed written agreements purporting to commission the works as works-made-for-hire or to assign the

---

[1] Baden Baden does not move to dismiss the portions of the Counterclaims requesting a declaration that the Owl Pendant Work is not sufficiently original (i.e. paragraph 22(e)) because those contentions are already at issue in this action.

copyrights exist.  Because Defendants have failed to articulate a viable theory as to how they obtained ownership of the specified copyrights, Defendants' requests for declaratory relief on ownership in paragraphs 22(a)-(d), 22(f)-(i), 23(a)-(b), and 26(a) of the Counterclaims must be dismissed.

In addition, Defendants have failed to plead sufficient facts to support their claims against Mr. Raphael.  Those claims depend on factual allegations that are demonstrably false and contrary to United States Copyright Office registrations, of which the Court may take judicial notice.  Accordingly, Defendants' claims as alleged against Mr. Raphael must be dismissed.

## STATEMENT OF FACTS

Plaintiff Baden Baden is the owner of the registered copyright pertaining to the Owl Pendant Work.  Nonkes Decl. Ex. A (registration VA 1-433-487).  Mr. Raphael created the Owl Pendant Work in his capacity as an employee of Baden Baden.  *Id.*  While the initial registration of the copyright to the Owl Pendant Work mistakenly listed Mr. Raphael as the author, Plaintiffs promptly corrected that oversight through a supplementary registration that correctly identifies Baden Baden as the author because Mr. Raphael created the Owl Pendant work while acting as an employee of Baden Baden.  *See id.*

Defendants have conceded that Mr. Raphael was not an employee of either Defendant.  At oral argument on February 18, 2014, counsel for Defendants unequivocally represented to the Court that "He's not an employee."  Slikfin Decl. Ex. B (Transcript) 61:9.

Defendants make no allegation of any written agreement providing that the Owl Pendant Work or the Digital Owl Work[2] was a work-made-for-hire. *See* Am. Answer at 7-15 (ECF No. 27). Likewise, they make no allegation of any written assignment of the copyrights to those works. *Id.*

Baden Baden initiated this action against Defendants for their infringement of the copyright to the Owl Pendant Work. Compl. (ECF No. 1). Mr. Raphael was not a party in this action, did not claim ownership of the copyright, and did not assert any claim for Defendants' infringement of the copyright to the Owl Pendant Work. *Id.*; *see also* Summons (ECF No. 29) (summons issued to Mr. Raphael as a result of Defendants' adding him as a party to this action through their counterclaims). Instead, Baden Baden and Mr. Raphael brought claims for Defendants' breaches of the parties' contracts, as well as several quasi-contract claims, separately in a state-court action that was removed and is now Civil Action No. 13-cv-7521. *See* Slifkin Decl. Ex. A. Neither Baden Baden nor Mr. Raphael has asserted the Digital Owl Work against either Defendant. *See* Compl. (ECF No. 1); Slifkin Decl. Ex. A (complaint in Civil Action No. 13-cv-7521).

---

[2] Defendants, in a footnote to their Counterclaims (presented in violation of Rule 10(b)'s simple requirement that a pleading contain numbered paragraphs), allege "Upon information and belief, Raphael has also obtained a copyright registration in another work entitled 'Digital Owl.'" Am. Answer n.1, at 9 (ECF No. 27). Because Defendants did not identify the work with more specificity, or provide the registration number, we can only guess they are referring to registration no. VA 1-867-056. Mr. Raphael created that work while working within the scope of his employment as an employee of Baden Baden. The registration for this work also mistakenly listed Mr. Raphael as the author instead of Baden Baden. Because Baden Baden did not assert this copyright, it did not apply for a supplementary copyright registration to correct that oversight. Not only did Defendants fail to specify what they meant by "Digital Owl," but their characterization of discovery regarding it is misleading: Defendants' document requests made no mention of a "Digital Owl," Slifkin Decl. Ex. C, and they never requested it during the parties' extensive meet-and-confer sessions, Slifkin Decl. ¶ 6. Further, Defendants had not produced a single document in discovery at the time their Counterclaims insinuated that Plaintiffs were dilatory in producing documents that Defendants had not specifically requested, Slifkin Decl. ¶ 7.

## ARGUMENT

### POINT I

### APPLICABLE STANDARD OF REVIEW

While the Court must accept the factual allegations in the Counterclaims as true, when reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, conclusory allegations are not given such treatment. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "[M]ore than labels and conclusions" are required, and "a formulaic recitation of the elements of a cause of action will not do .... Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Plaintiffs, including counterclaim plaintiffs, must "nudge[] their claims across the line from conceivable to plausible" in order to survive a motion to dismiss. *Twombly*, 550 U.S. at 570; *see also Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F. Supp. 2d 620, 622 (S.D.N.Y. 2008) ("The standard on a motion to dismiss also applies to a motion to dismiss a counterclaim pursuant to Rule 12(b)(6) ....").

"In deciding a motion to dismiss, a court may consider the pleadings and attached exhibits, statements, or documents incorporated by reference, and matters subject to judicial notice." *Aspex Eyewear*, 531 F. Supp. 2d at 622.

**POINT II**

**DEFENDANTS' COUNTERCLAIMS ASSERTING COPYRIGHT OWNERSHIP SHOULD BE DISMISSED BECAUSE DEFENDANTS DID NOT PLEAD FACTS SUPPORTING THOSE CLAIMS.**

Defendants' Counterclaims lack any factual basis for their claims that neither Baden Baden nor Michael Raphael own the copyrights to the Owl Pendant Work and the Digital Owl Work and that, instead, they own those works. Defendants do not allege that they created those works.

The only means by which someone other than the creator of a work may obtain ownership of the copyright are: (1) because the work was a work-made-for-hire within the definition provided in the Copyright Act; (2) through a signed written assignment; or (3) by operation of law, such as by inheritance. *See* 17 U.S.C. § 201. Only the first two means are even potentially applicable here, but Defendants have not pled sufficient facts to establish ownership of the copyrights as either "works-made-for-hire" under 17 U.S.C. § 101 or through an assignment under 17 U.S.C. § 204. As such, their requests for declaratory relief on ownership in paragraph 22(a)-(d) and (f)-(i) in the Counterclaims should be dismissed, as should their requests for relief in paragraphs 23 and 26(a), which depend upon those specious claims to copyright ownership.

**A.    Defendants Have Failed To Plead Facts Sufficient to Establish Ownership of Either the Owl Pendant Work or the Digital Owl Work as a Work-Made-For-Hire.**

Copyright ownership generally vests in the author of a work. 17 U.S.C. § 201(a). As this Court explained, the Copyright Act carves out an exception for works-made-for-hire. *See Ulloa v. Universal Music & Video Distrib. Corp.*, 303 F. Supp. 2d 409, 414 (S.D.N.Y. 2004). Section 101 of the Copyright Act defines a work-made-for-hire in two parts:

5

> (1) a work prepared by an employee within the scope of his or her employment; or
>
> (2) a work specially ordered or commissioned for use as a contribution to a collective work, as a part of a motion picture or other audiovisual work, as a translation, as a supplementary work, as a compilation, as an instructional text, as a test, as answer material for a test, or as an atlas, ***if the parties expressly agree in a written instrument signed by them*** that the work shall be considered a work made for hire. For the purpose of the foregoing sentence, a "supplementary work" is a work prepared for publication as a secondary adjunct to a work by another author for the purpose of introducing, concluding, illustrating, explaining, revising, commenting upon, or assisting in the use of the other work, such as forewords, afterwords, pictorial illustrations, maps, charts, tables, editorial notes, musical arrangements, answer material for tests, bibliographies, appendixes, and indexes, and an "instructional text" is a literary, pictorial, or graphic work prepared for publication and with the purpose of use in systematic instructional activities.

17 U.S.C. § 101 (emphasis added). Defendants, who are not the creators of the disputed works, cannot establish that either prong of the work-for-hire doctrine applies.

> 1. *Neither Work Is a Work-Made-for-Hire Because Mr. Raphael Was Not an Employee of Either Defendant.*

Defendants have not pled facts sufficient to establish that the works were made for hire. The Counterclaims nowhere allege that Mr. Raphael was Defendants' employee at any time.

Further, Defendants are estopped, particularly with respect to the Owl Pendant Work, from claiming Mr. Raphael was their employee because Defendants' counsel unequivocally asserted during oral argument before Hon. George B. Daniels on Defendants' motion to dismiss Plaintiff's copyright infringement claims that he is NOT an employee. (**"[Raphael]'s not an employee."** Slifkin Decl. Ex. B ("Transcript") 61:9.) That statement specifically refers to any claim that Mr. Raphael was an employee of Defendants when he created the Owl Pendant Work for purposes of determining whether it was a work-made-for-hire under federal copyright law:

6

> Ms. Lepera [counsel for Defendants]: Your Honor, that's not the position we've taken. That is a misstatement.[3] We said it's a work for hire, done under an agreement. You don't have to be an employee to be a work-for-hire creator. That is a misstatement.
>
> Mr. Slifkin: You're telling us he is not an employee?
>
> Ms. Lepera [counsel for Defendants]: He did work for hire.
>
> Mr. Slifkin: Again, there are two types of work for hire. There's an employee type and …
>
> Mr. Movit [counsel for Defendants]: He's not an employee.

*Id.* 61:1-9. The Court subsequently reiterated that "[h]e's saying he is not an employee," and Defendants' counsel was silent in response. *Id.* 61:11. And when Plaintiff's counsel further clarified, "I will [accept] the representation that they're not going to take the position that he's an employee," Defendants' counsel again remained silent. *Id.* 61:16-17. Because Defendants have admitted that Mr. Raphael was not an employee of Defendants when he produced the Owl Pendant Work, that work cannot be an employee-type work-made-for-hire. That admission, which was not limited to the Owl Pendant Work, also binds the Defendants as to their claim of ownership of the Digital Owl Work.

In correspondence between the parties subsequent to their unequivocal representations to the Court, Defendants' counsel again contended that Mr. Raphael was an employee. Defendants' counsel wrote on March 13, 2014: "Defendants' correct statement that Mr. Raphael was not an employee of OVOM under New York labor laws does not in any way estop Defendants from establishing that he was an 'employee' under the principles of common law agency for the limited purpose of establishing a 'work for hire' under the Copyright Act." *See* Slifkin Decl. ¶ 5. That statement, made less than a month after their statements on the record, is incorrect for at

---

[3] It is not entirely clear what Ms. Lepera was claiming to be a misstatement.

7

least two reasons: First, they did not make any such distinction when representing to the Court "He's not an employee." Second, they were addressing specifically whether Mr. Raphael was Defendants' employee for purposes of federal copyright law, not the New York Labor Law. Even if Defendants intend to take the position that Mr. Raphael was an employee for purposes of federal copyright law, but not under New York State Labor Law, their Counterclaims must nevertheless be dismissed because no facts supporting that position have been pled.[4]

> 2. *Neither the Owl Pendant Work nor the Digital Owl Work Is a Work-Made-For-Hire Because Those Works Do Not Fall Within the Applicable Statutory Categories for Commissioned Works and Neither Work Was the Subject of a Signed Written Agreement.*

Under the second prong of the definition of a work-made-for-hire in 17 U.S.C. § 101, a work is deemed to have been made for hire if "it is specially ordered or commissioned, fits within one of the specifically enunciated categories set forth in 17 U.S.C. § 101(2), *and* the parties expressly agree in a written instrument that the work shall be considered one made for hire." *See Sunham*, 2002 WL 31834477, at *4 (emphasis added) (citing *Reid*, 490 U.S. 730).

In *Sunham*, the court noted that the artist's work could only be considered work-made-for-hire if it fit within one of the categories specifically enumerated in 17 U.S.C. § 101 and there was also a written and signed agreement between the parties. *Id.* at *4. Those categories are:

- a work specially ordered or commissioned for use as a contribution to a collective work,
- as a part of a motion picture or other audiovisual work,
- as a translation,

---

[4] If Defendants ever plead such a claim, Mr. Raphael should be given leave to amend his Complaint in Action No. 13-cv-7521 to include a claim for Defendants' violation of New York Labor Law § 193 by their failure to pay Mr. Raphael's wages as an employee.

8

- as a supplementary work,[5]

- as a compilation,

- as an instructional text,[6]

- as a test,

- as answer material for a test,

- or as an atlas.

17 U.S.C. § 101.

As a sculptural work, the Owl Pendant Work does not fall within any of the § 101 categories. Further, the Digital Owl Work is not, nor do the Defendant allege it to be, any of the type of works listed in § 101.

Moreover, Defendants have failed to allege a written agreement signed by Mr. Raphael or Baden Baden establishing that either of the works was a work-made-for-hire. *See* Am. Answer at 7-15. Because neither the Owl Pendant Work nor the Digital Owl Work fit within one of the statutory categories of commissioned works-made-for-hire, and Defendants have not alleged a signed written agreement purporting to establish a work-for-hire relationship, the Defendants cannot establish ownership under § 201(b).

---

[5] "[A] 'supplementary work' is a work prepared for publication as a secondary adjunct to a work by another author for the purpose of introducing, concluding, illustrating, explaining, revising, commenting upon, or assisting in the use of the other work, such as forewords, afterwords, pictorial illustrations, maps, charts, tables, editorial notes, musical arrangements, answer material for tests, bibliographies, appendixes, and indexes." 17 U.S.C. § 101.

[6] "[A]n 'instructional text' is a literary, pictorial, or graphic work prepared for publication and with the purpose of use in systematic instructional activities." 17 U.S.C. § 101.

9

**B.      Defendants Have Not Pled Facts Sufficient to Establish Ownership of Either the Owl Pendant Work or the Digital Owl Work by Assignment.**

Defendants have not pled facts sufficient to demonstrate ownership of the copyright in either the Owl Pendant Work or the Digital Owl Work by assignment under 17 U.S.C. § 204(a). That section states:

> (a) A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent.

17 U.S.C. § 204(a); *see also Mason v. Jamie Music Publ'g Co.*, 658 F. Supp. 2d 571, 580 (S.D.N.Y. 2009) (explaining that a valid assignment of copyright ownership must be in writing).

Plaintiffs do not allege any facts showing that Baden Baden assigned the specified copyrights to Defendants. *See* Am. Answer at 7-15. Because Defendants make no mention of a signed, written assignment, they cannot claim ownership by assignment under 17 U.S.C. § 204(a). Because Defendants have failed to allege any facts demonstrating ownership of the specified works, paragraph 22(a)-(d) and (f)-(i), paragraph 23(a) and (b), and paragraph 26(a) of the Counterclaims must be dismissed.

**POINT III**

**THE COURT SHOULD DISMISS DEFENDANTS' COUNTERCLAIMS AS ASSERTED AGAINST MR. RAPHAEL**

Mr. Raphael is improperly named as a party to Defendants' copyright-related Counterclaims. As an initial matter, no controversy exists between Defendants and Mr. Raphael relating to copyright infringement. Baden Baden's Complaint in this action does not contain any claims by Mr. Raphael relating to copyright infringement. *See* Compl. (ECF No. 1). Rather, Mr. Raphael asserts in the complaint in Action No. 13-cv-7521 contract and quasi-contract claims

only.  Slifkin Decl. Ex. A (Contract Complaint).  Baden Baden is the owner of the copyrights at issue.  Nonkes Decl. Ex. A.  Only Baden Baden asserts copyright infringement claims.  *See* Compl. (ECF No. 1).  And neither Baden Baden nor Mr. Raphael asserted the Digital Owl Work in this action.

Defendants sought consolidation of the two separate actions, and now they are conflating the actions by adding Mr. Raphael as a party to their copyright-related Counterclaims.  In fact, Defendants, at paragraph 8 of their Counterclaims, acknowledge that "[i]n this action, Baden Baden has asserted a single, meritless claim against Defendants for alleged copyright infringement of the design embodied in an owl pendant which the Raphael Parties delivered to Graham."  *See* Am. Answer ¶ 8, at 8 (Counterclaim).

Furthermore, the supplementary copyright registration for the Owl Pendant Work shows that, contrary to Defendants' allegations in paragraph 15 of the Counterclaims, Baden Baden is the party who owns the copyright, rather than Mr. Raphael.  Nonkes Decl. Ex. A.  The Court may take judicial notice of the supplementary copyright registration on a motion to dismiss.  The Second Circuit has stated that a "district court [is] entitled to take judicial notice of [a company's] federal copyright registrations, as published in the Copyright Office's registry." *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005); *see also Duffey v. Twentieth Century Fox Film Corp.*, No. 13 Civ. 1354(JPO), 2014 WL 1257765, n.3 (S.D.N.Y. Mar. 27, 2014) (courts may take judicial notice of documents recorded with the Copyright Office); *Tarshis v. Riese Org.*, 211 F.3d 30, 39 (2d Cir. 1999) (stating that a district court may consider matters of which judicial notice may be taken when deciding a motion to dismiss), *abrogated on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).  The supplementary copyright registration, and information available from the Copyright

Office's website, *see* Nonkes Decl. ¶ 4 and Ex. D,[7] establishes that Baden Baden is the party with copyright ownership. Accordingly, Defendants' requests for declaratory relief must be dismissed as against Mr. Raphael.

## CONCLUSION

For the reasons stated above, the Court should grant Plaintiffs' motion to dismiss paragraphs 22(a)-(d), 22(f)-(i), 23, and 26(a) of Defendants' Counterclaims.

Dated: April 25, 2014

>Respectfully Submitted,
>
>**HARRIS BEACH PLLC**
>
>*/s/Neal L. Slifkin*
>Neal L. Slifkin (Bar Roll # NS1636)
>99 Garnsey Road
>Pittsford, New York 14534
>Phone: (585) 419-8636
>Fax: (585) 419-8813
>nslifkin@harrisbeach.com
>*Attorneys for Plaintiff Baden Baden Inc. and Counterclaim Defendant Michael Raphael*

267729 2241115v8

---

[7] In addition, the Copyright Office's online record for the initial registration for the Owl Pendant work includes a cross reference to the supplementary registration: "See also OWL Pendant; Reg. 2013-07-31; VA0001433487". *See* Nonkes Decl. ¶ 3 and Ex. C (printout from Copyright Office's online records).